322 So.2d 13 (1975)
THE FLORIDA BAR, Petitioner,
v.
Arturo Dominador MORENO-SANTANA, Respondent.
No. 44008.
Supreme Court of Florida.
July 24, 1975.
*14 R. Layton Mank, Miami, Leonard Rivkind, Miami Beach, David W. Walters, Miami, Clifford L. Davis, Asst. Staff Counsel, and Richard C. McFarlain, Asst. Director, Tallahassee, for petitioner.
Arturo Dominador Moreno-Santana, in pro per.
PER CURIAM.
This cause is before us on the petition of The Florida Bar filed pursuant to Article XVI of the Integration Rule and charging Respondent with the unauthorized practice of law. Article II, Section 2, of the Integration Rule provides:
"2. No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with him in such business an active member of The Florida Bar."
Our jurisdiction to prohibit the unauthorized practice of law stems from Article V, Section 15, Florida Constitution, which provides that this Court "shall have exclusive jurisdiction to regulate the admission of persons to the practice of law... ." This constitutional authority necessarily includes the power to prevent the unauthorized practice of law.[1]
We issued a Rule to Show Cause, to which Respondent filed his answer, whereupon this Court appointed Judge Francis X. Knuck as Referee and directed that he should hold such hearings and take such testimony as might be necessary to establish the facts of the case. After a hearing the Referee entered the following findings of fact:
"1. That this cause is properly brought by the Petitioner pursuant to the provisions of the Florida Constitution and the Integration Rules of the Supreme Court.
"2. That the Respondent is sui juris, a resident of Dade County, Florida, and is not and never has been licensed to practice law in the State of Florida or any other jurisdiction within the United States of America.
"3. That during the year 1972, the Respondent represented himself to one, Delia Romero Castro Arthur, to be an attorney authorized to practice law within this State.
"4. That thereafter Mrs. Arthur paid to the Respondent at his request, the sum of $215.00, lawful money of the United States, in order for the Respondent to effect a change of her immigration status from tourist to permanent resident.
"5. That the Respondent gave Mrs. Arthur legal advice and counsel as to her immigration status and of the means by which to effect the requested change and further the Respondent prepared numerous documents which were intended to effect the desired change in immigration *15 status but which were, in fact, unnecessary.
"6. That Mrs. Arthur would not have paid the said sum of $215.00 to the Respondent had she known that he was not an attorney licensed within the state.
"7. That during the year 1971 and subsequent thereto the Respondent asked for and received from one, Marlene Sofia O'Donald, the sum of $250.00 lawful money of the United States, in return for which he gave her legal advice and counsel as to immigration matters and agreed to file certain papers in order to effect the change of immigration status from tourist to permanent resident.
"8. That notwithstanding the foregoing, the Respondent never filed any papers on behalf of Mrs. O'Donald and never returned the said money.
"9. That the Respondent's failure to file any papers on behalf of Mrs. O'Donald resulted in her being placed in a delinquent status with the Immigration and Naturalization Service and subjected her to deportation.
"10. That Mrs. O'Donald believed the Respondent to be an attorney licensed to practice in this state and relied upon such fact.
"11. That the Respondent admits to having prepared immigration forms for others on numerous occasions and to having received $10.00 to $25.00 for the completion of each such form, the last such matter having been handled by the Respondent during the week prior to this hearing.
"12. That the Respondent by business card and stationery has held himself out to the public as qualified to handle immigration matters.
"13. That the preparation of forms to effect a change of immigration status requires legal training and familiarity with immigration laws and the failure to properly prepare and file such documents may result in deportation of the individual involved.
"14. That the completion of official immigration forms by the Respondent for a substantial fee, as here, implies to the individual that the Respondent is competent and qualified to attend to such legal matters and to fully protect the individual.
"15. By his own admission, the Respondent has no training in immigration matters and is unqualified to give advice or counsel in such matters."
Additionally, the Referee made the following recommendations:
"A. That ARTURO DOMINADOR MORENO-SANTANA be found to have engaged in the unauthorized practice of law within the State of Florida.
"B. That Respondent be restrained and enjoined from the preparation of immigration and naturalization forms for others with or without charge, from advertising or holding himself out to perform such services, and from otherwise engaging in the practice of law within the State of Florida.
"C. That the Respondent be found to be in contempt of the Supreme Court of this State.
"D. The Respondent be fined for such contempt of Court and that such further punishment be imposed as the Court shall deem necessary and appropriate under the circumstances."
The record and the Referee's report have been examined by this Court. We hereby approve the Referee's finding of guilt and agree that the foregoing conduct on Respondent's part constitutes the unauthorized practice of law. Furthermore, we adopt the Referee's recommendations, *16 find that Respondent is in contempt of this Court and assess a fine against him in the amount of two hundred and fifty dollars ($250.00) to be paid to the Clerk of this Court plus the costs of these proceedings. It is further ordered that Respondent, Arturo Dominador Moreno-Santana, be and he hereby is permanently enjoined from engaging in the unauthorized practice of law.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.
NOTES
[1] State ex rel. Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), judgment vacated on other grounds 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).