321 So.2d 550 (1975)
THE FLORIDA BAR, Petitioner,
v.
Alfredo BORGES-CAIGNET, Respondent.
No. 44005.
Supreme Court of Florida.
July 30, 1975.
Rehearing Denied November 26, 1975.
Norman K. Schwarz, Leonard Rivkind, Miami Beach, David W. Walters, Miami, Richard C. McFarlain, Asst. Director, and William B. Wiley, Asst. Staff Counsel, Tallahassee, for petitioner.
Franklin D. Kreutzer, Miami, for respondent.
PER CURIAM.
This cause is before us on the petition of The Florida Bar filed pursuant to Article XVI of the Integration Rule and charging Respondent with the unauthorized practice of law. Article II, Section 2, of the Integration Rule provides:
"2. No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with *551 him in such business an active member of The Florida Bar."
Our jurisdiction to prohibit the unauthorized practice of law stems from Article V, Section 15, Florida Constitution, which provides that this Court "shall have exclusive jurisdiction to regulate the admission of persons to the practice of law... ." This constitutional authority necessarily includes the power to prevent the unauthorized practice of law.[1]
This Court having issued its Rule to Show Cause, Respondent filed his motion to dismiss and/or test legal sufficiency of the petition, combined with his answer to which Petitioner replied. Thereafter, this Court appointed Judge Francis X. Knuck as Referee and directed that he should hold such hearings and take such testimony as might be necessary to establish the facts of this case. After a hearing, the Referee entered the following findings of fact:
"1. That this cause was properly brought before this Referee pursuant to the applicable provisions of the Florida Constitution and the Integration Rules of the Supreme Court.
"2. That Respondent, ALFREDO BORGES CAIGNET, is not, and was not, at any time pertinent hereto licensed to practice law in the State of Florida or in any other jurisdiction of the United States. That said Respondent is sui juris and was at all times pertinent hereto a resident of Dade County, Florida.
"3. That it appeared from testimony taken that in the year 1972, the Respondent, ALFREDO BORGES CAIGNET, represented himself to one MARIA TRINADAD GALDAMES, a/k/a MARIA TRINIDAD GOMEZ to be a Notario Publico (which the witness related her understanding of same to be `something with laws'), and in such position could act as her attorney for the purpose of obtaining legal permission to remain in the United States.
"4. That in connection therewith, periodic payments were made to Respondent in the total sum of $230.00 in order for Respondent to act on behalf of MRS. GALDAMES, as her attorney, in connection with the seeking of immigration extensions and visas.
"5. That all during this time MRS. GALDAMES was led to believe by Respondent that he was a person trained in the field of law and was permitted, by law, to perform such legal services as MRS. GALDAMES required.
"6. Testimony was received from Witness FELIZ MARIO ARANJO that on July 10, 1970, Respondent met with MR. ARANJO, at MR. ARANJO'S request in order to discuss MR. ARANJO'S immigration problems.
"7. Thereafter, MR. ARANJO met, at the behest of the Respondent with a MR. JOSEPH SOLOMON, at which time there was a discussion as to the amounts of monies to be paid in connection with the seeking of immigration extensions and visas.
"8. FURTHER, MR. ARANJO paid to the Respondent the sum of $200.00 for such services to be rendered by Respondent.
"9. During this period of time the Respondent advised MR. ARANJO that he was a `Licenciado', which MR. ARANJO understood to be a lawyer and that the payments received by Respondent from MR. ARANJO were paid to Respondent in connection with the understanding that Respondent was a lawyer and would perform such necessary legal services on behalf of MR. ARANJO.
"10. That neither MRS. GALDAMES or MR. ARANJO received any *552 services, legal or otherwise, from Respondent in connection with the payments made.
"11. Notwithstanding the two incidents in which the Respondent received monies, no services, either legal or otherwise were performed on behalf of the said witnesses although said payments were made to Respondent upon the belief of said witnesses that Respondent was in fact a lawyer and/or Notario Publico, and/or Licenciado, to-wit: an attorney licensed to practice law.
"12. That the Respondent by holding himself out to the public as being qualified (legally), to handle immigration matters and to perform said services requiring legal services and familiarity with the laws of the United States concerning immigration and such failure to do so properly may cause irreparable harm to the person dealing with Respondent such harm consisting of deportation, criminal indictment and/or pecuniary law [loss?]."
Additionally, the Referee made the following recommendations:
"A. That Respondent, ALFREDO BORGES CAIGNET, did in fact, hold himself out to be an attorney within the meaning of such definition to the persons from whom he obtained remuneration and such holding out and payment constituted the unauthorized practice of law in the State of Florida.
"B. That said Respondent, ALFREDO BORGES CAIGNET, be enjoined, restrained and otherwise restricted in engaging in the type of work described, to-wit: immigration law for any person or persons within the State of Florida.
"C. That the Supreme Court of this State, based upon the foregoing allegations find that the Respondent was in contempt of Court and so adjudicate Respondent.
"D. That Respondent be fined for such contempt of Court and that such further punishment be imposed as the court shall deem necessary and appropriate under the circumstances."
The record and the Referee's report have been examined by this Court. We hereby approve the Referee's finding of guilt and agree that the foregoing conduct on Respondent's part constitutes the unauthorized practice of law. We also follow the recommendation that Respondent, at this point in time, be held in contempt of this Court and on or before August 31, 1975, pay a fine of $100.00 and the costs of this proceeding to be assessed by The Florida Bar. We hereby issue a permanent injunction restraining Respondent from engaging in the acts complained of and from otherwise engaging in the practice of law in this State. Upon proof of any subsequent violation of the terms of this permanent injunction, Respondent will be held in contempt and this Court will take appropriate action then.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.
NOTES
[1] State ex rel. Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), judgment vacated on other grounds 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).