322 So.2d 28 (1975)
THE FLORIDA BAR, Petitioner,
v.
Jesus Secundino RETURETA-CABRERA, Respondent.
No. 44003.
Supreme Court of Florida.
July 30, 1975.
E. Richard Alhadeff, Leonard Rivkind, Miami Beach, Marshall R. Cassedy, Executive Director, Richard C. McFarlain, Tallahassee, David W. Walters, Miami, and William B. Wiley, Asst. Staff Counsel, Tallahassee, for petitioner.
Neal R. Sonnett, Bierman & Sonnett, Miami, for respondent.
PER CURIAM.
This cause is before us on the petition of The Florida Bar filed pursuant to Article XVI of the Integration Rule and charging Respondent with the unauthorized practice of law. Article II, Section 2, of the Integration Rule provides:
"2. No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with him in such business an active member of The Florida Bar."
Our jurisdiction to prohibit the unauthorized practice of law stems from Article V, Section 15, Florida Constitution, which provides that this Court "shall have exclusive jurisdiction to regulate the admission of persons to the practice of law... ." This constitutional authority necessarily includes the power to prevent the unauthorized practice of law.[1]
We issued a Rule to Show Cause, to which Respondent filed his answer; thereafter, this Court appointed Judge Francis X. Knuck as Referee and directed that he hold such hearings and take such testimony as might be necessary to establish the facts of the case. After a hearing before the Referee the parties negotiated a formal settlement and presented the following stipulation to the Referee:
"STIPULATION TO FACTS AND TO ENTRY OF INJUNCTION
"THE FLORIDA BAR, Petitioner, and JESUS SECUNDINO RETURETA-CABRERA, Respondent, stipulate to the following facts:
"1. That this cause is properly brought by the Petitioner pursuant to the provisions of the Florida Constitution and the Immigration Rules of the Supreme Court.

*29 "2. That the Respondent is sui juris, a resident of Dade County, Florida, and is not and never has been licensed to practice law in the State of Florida or any other jurisdiction within the United States.
"3. That during the year 1971 the Respondent engaged in the unauthorized practice of law in the State of Florida, and in particular, Dade County, Florida, doing the following acts:
"a. Maintaining an immigration consultant business, wherein he appeared in immigration cases, either in person or in the preparation of or filing of documents, papers, applications or petitions on behalf of other persons before the Immigration Service.
"b. By undertaking to represent one RICARDO CALDAS-MANRIQUE and CONSUELO CALLE-de CALDAS, before the United States Immigration Service in a deportation matter.
"c. By soliciting one JOSE ENRIQUE URENA-CRUZ to represent him before the United States Immigration Service.
"d. By undertaking the representation of one MELVA GARNICA, before the United States Immigration and Naturalization Service."
Based thereon, the Referee made the following recommendation:
"THIS CAUSE comes on the stipulation of facts for the entry of injunction by and between the Florida Bar and [Respondent].
"This Court recommends:
"1. That JESUS SECUNDINO RETURETA-CABRERA be found to have engaged in the unauthorized practice of law within the State of Florida.
"2. That JESUS SECUNDINO RETURETA-CABRERA be restrained and enjoined from the preparation of Immigration and Naturalization forms for others, with or without charge, from advertising or holding himself out to perform such services, and from otherwise engaging in the practice of law within the State of Florida."
The record and the report of the Referee have been examined by this Court. We hereby approve the Referee's finding of guilt and adopt his recommendation that Respondent be restrained from the unauthorized practice of law. We do, therefore, issue a permanent injunction restraining Respondent from the preparation of immigration and naturalization forms for others, with or without charge, from advertising or holding himself out to perform such services, and from otherwise engaging in the practice of law within the state of Florida.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.
NOTES
[1] State ex rel. Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), judgment vacated on other grounds 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).