402 So.2d 1171 (1981)
THE FLORIDA BAR, Petitioner,
v.
George Stephen BROWER, Respondent.
No. 56654.
Supreme Court of Florida.
July 30, 1981.
H. Glenn Boggs, Asst. Staff Counsel, The Florida Bar, Tallahassee, and Ronald R. Richmond, Chairman, Standing Committee on Unauthorized Practice of Law, New Port Richey, for petitioner.
Vaughn C. Brennan, Eaton Park, for respondent.
PER CURIAM.
In response to a petition of The Florida Bar this Court, under article XVI of the Integration Rule, required respondent to appear before a referee to show cause why he should not be found guilty of the unauthorized practice of law and found guilty of indirect criminal contempt of court.
*1172 The referee made the following findings and recommendations:
1. The Supreme Court and this referee have jurisdiction to hear this cause under Article V, Section 15, Florida Constitution.
2. This proceeding is conducted pursuant to the Integration Rule of The Florida Bar, Article XVI.
3. The respondent, George Stephen Brower, is not now, nor has he ever been, a member of The Florida Bar.
4. The Florida Supreme Court issued a Rule to Show Cause and Order Appointing Referee which commanded respondent to appear before the referee and show cause why he should not be held in contempt of the Supreme Court for unauthorized practice of law.
5. Respondent appeared in person and later, through appointed counsel, filed an answer with this referee, admitting some of the allegations contained in the Petition Against Unauthorized Practice of Law and denying others. In particular, respondent admitted to the following allegations:
VI(1). Leading customers seeking dissolution of marriage to rely on him to prepare, for a fee, legal documents which the customers then file in court... .
.....
VI(1)(b). Respondent prepared a petition for dissolution of marriage for Leon Washington Vann (case no. GCF-78-2844). Respondent reassured Mr. Vann that he had prepared dissolution documents for other persons and that there was no problem.
VI(1)(c). Respondent prepared dissolution of marriage documents for Anna Gail Grimes (case no. F78-2311) including a petition, sworn statement for constructive service, notice of action, financial statement, and motion for default. Respondent talked with Ms. Grimes, made notes in his own hand on a separate piece of paper, and then typed up the aforementioned documents.
.....
The referee recommends that the respondent be permanently enjoined from the unauthorized practice of law. The following activities constitute the unauthorized practice of law and may not be carried out or conducted in Florida by the respondent, who is perpetually restrained and enjoined from:
a. Holding himself out as an attorney authorized to practice law in Florida,
b. Allowing members of the public to rely on him to properly prepare legal forms or legal documents affecting a customer's legal rights,
c. Advising customers as to any legal remedy which might be available to them,
d. Assisting customers in preparing documents or forms necessary for submission to any court or governmental agency,
e. Orally asking or answering questions from customers regarding which specific documents or forms might be necessary for filing with a court or governmental agency to accomplish a customer's objective, or how to properly fill out such papers, or where to correctly file such papers, or how to present additional information to a given court or governmental agency, and
f. Engaging in personal assistance regarding the customer's needs, including correcting either errors or omissions on documents or forms prepared by said customers.
1. The referee recommends that the respondent, George Stephen Brower, be found guilty of indirect criminal contempt of the Supreme Court for violation of the Court's rule prohibiting unauthorized practice of law, Integration Rule Article II, Section 2. This recommendation is based on a finding that petitioner has satisfied its burden of proof in this matter by virtue of the admissions of respondent set out in the Findings of Fact, paragraph 5, above. The referee further recommends that respondent be sentenced *1173 to sixty (60) days imprisonment, suspended as long as he does not violate the terms of the injunction.
The Court hereby approves the findings and recommendations of the referee, except insofar as the recommended injunction might apply to lay representation before non-judicial governmental agencies, as permitted by legislative provision and administrative rules. See The Florida Bar v. Moses, 380 So.2d 412 (Fla. 1980); State ex rel. The Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962).
This Court finds respondent guilty of indirect criminal contempt of court and withholds imposition of sentence for so long as he does not violate the injunction against the unauthorized practice of law in Florida.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.