468 So.2d 982 (1985)
THE FLORIDA BAR, Petitioner,
v.
Sandra KING, Respondent.
No. 63525.
Supreme Court of Florida.
May 2, 1985.
Gerald F. Richman, President, Miami, Patrick G. Emmanuel, President-elect, Pensacola, John F. Harkness, Jr., Executive Director, Tallahassee, James P. Hahan, Chairman, Standing Committee on Unauthorized Practice of Law, Lakeland, Catherine L. Dickson, UPL Counsel, Tallahassee, and David Paul Montgomery of Montgomery and Fryback, Bradenton, Special Counsel, for The Florida Bar, petitioner.
Michael M. Ingram of Crabtree, Sanchez, Parker and Ingram, Sarasota, for respondent.
PER CURIAM.
This unauthorized practice of law proceeding is before us on the complaint of The Florida Bar and report of the Honorable Guy W. Spicola, circuit court judge, as referee. Both parties to this proceeding stipulated and agreed to the entry of the recommendations of the referee.
In his report, the referee concluded that respondent had been engaged in the unauthorized practice of law through actions which include, but are not necessarily limited to the following:
1. Respondent conducted interviews of "clients" and based upon their responses selected the particular forms to be used.
2. Respondent drafted the entries of information for the blanks on the forms.

*983 3. Respondent had direct contact in the nature of consultation, explanation, recommendations, advice and assistance in the provision, selection and completion of forms.
4. Respondent suggested, directed, and participated in the accumulation of evidence to be submitted with the completed forms.
5. Respondent gave advice and made decisions on behalf of others which required legal skill and a knowledge of the law greater than that possessed by the average citizen.
6. Respondent selected, negotiated compensation for, and monitored the efforts of attorneys acting as "counsel of record" for respondent's "clients" and in effect acted as "co-counsel".
We approve the referee's report and therefore permanently enjoin respondent from engaging in the above acts and from otherwise engaging in the unauthorized practice of law in the state of Florida. In the event respondent engages in any conduct enjoined herein, and has not been duly licensed to practice law in this state, respondent will be found in indirect criminal contempt of the Supreme Court of Florida for the unauthorized practice of law in this state.
The parties to this action will each bear their own costs.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.