508 So.2d 326 (1987)
THE FLORIDA BAR, Petitioner,
v.
Robert J. DOBBS, Respondent.
No. 64053.
Supreme Court of Florida.
May 28, 1987.
Joseph J. Reiter, President, The Florida Bar, West Palm Beach, Ray Ferrero, Jr., President-elect, The Florida Bar, Fort Lauderdale, John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, James P. Hahn, Chairman, Standing Committee on the Unauthorized Practice of Law, Lakeland, Mary Ellen Bateman, UPL Counsel, Tallahassee, and Louis Kwall, Clearwater, for petitioner.
Richard M. Georges of Kieffer, Georges & Rahter, St. Petersburg, for respondent.
PER CURIAM.
This proceeding was brought by The Florida Bar charging the respondent Robert J. Dobbs, doing business as Immigration Consulting Services, with unauthorized practice of law and seeking an injunction against such conduct. The action was brought pursuant to former article XVI of the Integration Rule of The Florida Bar. Our jurisdiction of this proceeding derives from the authority given to the Court by article V, section 15 of the Florida Constitution.
After consideration of the Bar's petition, we issued an order commanding the respondent to show cause why he should not be enjoined from the unauthorized practice *327 of law. The petition and the order to show cause were served upon the respondent. The respondent filed a responsive pleading denying the allegations in the Bar's petition and questioning their legal sufficiency, and a referee was appointed to conduct any necessary proceedings. After negotiations, however, the Bar and the respondent jointly submitted a stipulation defining the conduct as to which an injunction would be appropriate. The referee recommends acceptance of the stipulation as the final disposition and judgment of the Court in this matter.
The stipulation expresses the parties' agreement as to injunctive relief as follows:
... .
A. Both parties agree that a writ of injunction shall issue permanently and perpetually enjoining Respondent, ROBERT J. DOBBS, individually, and d/b/a IMMIGRATION CONSULTING SERVICES, and his agents, servants or employees or those acting in concert with him from:
(1) Representing to the public, either personally or by use of advertisement, that he is an attorney or that he is a person capable of advising and handling matters requiring legal skills;
(2) Sending letters of representation to the Immigration and Naturalization Service or representing persons before the Immigration and Naturalization Service, unless and to the extent the regulations of the Immigration and Naturalization Service allow representation of such person before the Service by a nonlawyer;
(3) Assisting in preparing legal instruments to effectuate the requisite forms and petitions to apply for a selected classification under the Act, except as permitted by Federal law.
(4) Advising persons of their rights, duties, and responsibilities under Florida law, or Federal law, on matters as those laws relate to Immigration and Naturalization matters, except to the limited degree permitted under the Code of Federal Regulations.
2. The foregoing, however, shall not be construed to prevent the Respondent from engaging in the preparation and typing of forms promulgated by the Immigration and Naturalization Service, together with Exhibits required by the promulgated instructions, in accordance with instructions provided with the forms and within the guidelines of The Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla. 1978) and The Florida Bar v. Kaiser, 397 So.2d 1132 (Fla. 1981).
3. The foregoing shall further not be construed to prevent the Respondent from engaging in any activities permitted by the Immigration and Naturalization Act of 1986, as amended, and as permitted by 1 CFR part 305, and other regulations promulgated by the U.S. Government, as amended from time to time, Administrating [sic] Conference of the United States, it being the express intent of the parties that Respondent may qualify and act as a designated non-lawyer representative.
We approve the referee's report based on the foregoing stipulation. See The Florida Bar v. Strickland, 468 So.2d 983 (Fla. 1985); The Florida Bar v. King, 468 So.2d 982 (Fla. 1985). Accordingly, we hereby enjoin the respondent permanently from engaging in the prohibited activities set forth in the stipulation.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.