528 So.2d 895 (1988)
THE FLORIDA BAR, Petitioner,
v.
Dr. Francisco J. MATUS d/b/a Latinoamericana De Inmigracion, Inc., Respondent.
No. 71873.
Supreme Court of Florida.
May 19, 1988.
Rehearing Denied August 19, 1988.
Ray Ferrero, Jr., President, Fort Lauderdale, Rutledge R. Liles, President-elect, Jacksonville, John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Mary Ellen Bateman, Unlicensed Practice of Law Counsel, and Lori S. Holcomb, Asst. Unlicensed Practice of Law, Tallahassee, and Robert M. Sondak, Chairman, Standing Committee on Unlicensed Practice of Law, Miami, for petitioner.
No appearance for respondent.
BARKETT, Justice.
This cause is before us upon The Florida Bar's petition to enjoin Dr. Francisco J. Matus d/b/a Latinoamericana De Inmigracion, Inc., from the unauthorized practice of law. We have jurisdiction. Art. V, § 15, Fla. Const.
Since respondent failed to answer the order to show cause issued by this Court, we take the allegations of the petition as true under Rule 10-5.1(b)(4), Rules Regulating the Florida Bar, and decide the case upon its merits.
The allegations indicate that the respondent is not a member of The Florida Bar and engaged in the following activities:
1. On or about May 18, 1987, Florida Bar staff investigator Enrique T. Torres visited Respondent's offices at the Israel Discount Bank Building, 14 Northwest First Avenue, Suite 507-2, Miami, Florida. Respondent's office displayed diplomas, degrees, presidential appointments and presidential citations from Nicaragua, as well as a State of Florida Notary Public Appointment.
2. At the time of the May 18, 1987, visit, Torres obtained a business card from Respondent. The card, printed in Spanish, represented Respondent as a general immigration service, showing the corporate logo and the services offered, including, but not limited to, tourist visa extensions, student visas, political asylum, and residency. The business card lists Respondent, Dr. Francisco J. Matus, as president of Latinoamericana De Inmigracion, Inc. Respondent also advertises his availability to perform the above services in "La Estrella de Nicaragua" a Spanish publication circulated in Miami.
3. During the May 18, 1987, visit, Torres indicated to Respondent that he wished to obtain permanent residence status for his girlfriend who had entered the United States illegally from Peru in 1980. Respondent informed Torres that his girlfriend would need documentation and affidavits showing her residency in the United States from the date of her *896 arrival. Respondent informed Torres that upon receiving the documents, Respondent would complete the documentation required by the new amnesty program for a fee of two hundred and fifty (250) dollars.
4. During the May 18, 1987, visit, Torres further asked Respondent whether he could assist Torres in obtaining an extension of his tourist visa. Respondent informed Torres that he had all of the forms in his office and would file the necessary extension with the Immigration Service for a fee of four hundred (400) dollars. Torres then asked Respondent whether he could assist Torres in obtaining permanent residence status in the United States. Respondent informed Torres that for a fee of three thousand (3,000) to five thousand (5,000) dollars, he could arrange a marriage between Torres and an American citizen. After the marriage, Respondent would file the necessary documentation to obtain permanent residence status for Torres.
5. Respondent was not and is not authorized by Federal Law or the Immigration and Naturalization Service to perform the services outlined in paragraphs two (2) through four (4) above.
The preparation of forms to effect a change in immigration status requires legal training and familiarity with immigration laws, and failure to properly prepare the forms could result in great harm, including deportation. See The Florida Bar v. Moreno-Santana, 322 So.2d 13 (Fla. 1975); The Florida Bar v. Lugo-Rodriguez, 317 So.2d 721 (Fla. 1975); The Florida Bar v. Escobar, 322 So.2d 25 (Fla. 1975); The Florida Bar v. Borges-Caignet, 321 So.2d 550 (Fla. 1975). Holding one-self out to be an attorney when not so licensed itself constitutes the unauthorized practice of law. The Florida Bar v. Martin, 432 So.2d 54 (Fla. 1983); The Florida Bar v. Schell, 422 So.2d 308 (Fla. 1982); The Florida Bar v. Moran, 273 So.2d 390 (Fla. 1973).
Accepting the uncontested allegations in this petition as true, we hold that respondent held himself out as legally qualified to perform immigration services, which constitutes the unauthorized practice of law in Florida. We therefore permanently enjoin and restrain respondent from engaging in the acts complained of and from otherwise engaging in the practice of law in this state.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.