702 So.2d 184 (1997)
THE FLORIDA BAR, Complainant,
v.
Salvatore DAVIDE, etc., et al., Respondents.
No. 86984.
Supreme Court of Florida.
October 9, 1997.
Rehearing Denied December 11, 1997.
John W. Frost, President, Bartow; Edward R. Blumberg, President-Elect, Miami; John F. Harkness, Jr., Executive Director, Tallahassee; John T. Berry, Staff Counsel, Tallahassee; Jacquelyn P. Needelman, Branch Unlicensed Practice of Law Counsel, Miami, for Complainant The Florida Bar.
Salvatore Davide, Hollywood, pro se.
Arthur Razor, on behalf of Florida Law Center, Inc., Coral Springs, for Respondent.
PER CURIAM.
This matter is before the Court upon a referee's uncontested report concluding that respondents, Salvador Davide and Florida Law Center, Inc., have been engaged in the unlicensed practice of law in Florida, and recommending that respondents be permanently enjoined from such activities. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report and adopt the recommended sanctions.
After reviewing the extensive evidence submitted to support The Florida Bar's complaint, the referee found that each of the charges had been proven. Thereafter, the referee concluded:
C. CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the undersigned Referee concluded that the Respondents Salvatore Davide and Florida Law Center, Inc., have engaged in the unlicensed practice of law in Dade and Broward Counties, Florida, by (1) preparing a complaint for Andrew Lasco in a dissolution of marriage matter using a form found in the Rules of Civil Procedure and obtaining the information verbally from the client. Even if Respondents had used the Supreme Court Approved Simplified Forms, they prepared the entire complaint and did not simply ask questions to fill in the blanks. However, Respondent Davide testified that he did not use the Supreme Court's Approved Simplified Forms., (2) drafting the March 14, 1994 letter for Cecil Bannister, (3) preparing or having prepared a complaint for Cecil Bannister. This would be the unlicensed practice of law even if an attorney had drafted the complaint as Respondent Davide would have been the conduit for obtaining and relaying the information, without the client ever having spoken with the attorney. See The Florida Bar v. Beach, 675 So.2d 106 (Fla.1996), (4) preparing the bankruptcy petitions for William Siu and Maria Valdez, (5) placing Respondent Davide's name and social security number in a space that states Attorney on the cover sheet of Mrs. Valdez's and Mr. Siu's bankruptcy petitions, (6) advising Mrs. Valdez as to exemptions to claim and to retain her home, and reaffirm the debt on it in her bankruptcy matter, even after having been previously advised by the Bankruptcy Court to refrain from engaging in unlicensed practice of law in bankruptcy matters. See In re: Calzadilla, 151 B.R. 622 (Bkrtcy.S.D.Fla.1993), (7) using and advertising under the name Florida Law Center, Inc., as the use of the *185 name is misleading and gives the public the expectation that Florida Law Center, Inc., has expertise in the field of law, (8) advertising that they specialize in bankruptcy and divorces, as this statement implies expertise in the legal fields, (9) using advertisements that describe legal procedures, for example, Chapter 7discharge most debts and Chapter 13save your home.
The aforementioned actions of the Respondents have violated the letter and spirit of this Court's decisions in The Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla.1978); The Florida Bar v. King, 468 So.2d 982 (Fla.1985); The Florida Bar v. Matus, 528 So.2d 895 (Fla.1988); In re Joint Petition of The Florida Bar and Raymond James and Associates, 215 So.2d 613 (Fla.1968); The Florida Bar v. Consolidated Business and Legal Forms, 386 So.2d 797 (Fla.1980); The Florida Bar re Advisory Opinion-Nonlawyers Preparation of Living Trusts, 613 So.2d 426 (Fla.1992); The Florida Bar v. Mills, 398 So.2d 1368 (Fla.1981); The Florida Bar v. Brower, 402 So.2d 1171 (Fla.1981); The Florida Bar v. Schramek, 616 So.2d 979 (Fla.1993); The Florida Bar v. Peake, 364 So.2d 431 (Fla.1978); The Florida Bar v. Retureta-Cabrera, 322 So.2d 28 (Fla.1975); The Florida Bar re Amendments To Rules Regulating The Florida Bar, Ch. 10, 581 So.2d 901 (Fla.1991); and The Florida Bar re Amendment To Rules Regulating The Florida Bar (Chapter 10), 510 So.2d 596 (Fla.1987).

III. RECOMMENDATIONS

The undersigned Referee recommends that:
(1) Respondents Salvatore Davide and Florida Law Center, Inc., be enjoined from the unlicensed practice of law through issuance by the Supreme Court of Florida of a permanent injunction preventing and restraining Respondents from engaging in the acts described above and from otherwise engaging in the practice of law in the State of Florida until such time as Respondent is duly licensed to practice law in this state; and
(2) That Respondents Salvatore Davide and Florida Law Center, Inc., be restrained from advertising under and using the name, Florida Law Center, Inc., or any other name that could mislead the public to believe that the business can render legal services.
(3) Respondents be restrained and enjoined from the following:
(A) advising persons of their rights, duties and responsibilities under Florida or Federal law and construing and interpreting the legal effect of Florida law and statutes for third parties;
(B) giving legal advice and counsel to others;
(C) giving advice and making decisions on behalf of others that require legal skill and a knowledge of the law greater than that possessed by the average citizen;
(D) advising and/or explaining legal remedies and possible courses of action to individuals that affect their procedural and substantive legal rights, duties and privileges;
(E) preparing pleadings and any other legal documents for other persons;
(F) allowing members of the public to rely on Respondents to properly prepare legal forms or legal documents affecting an individual's legal rights;
(4) The costs of these proceedings in the amount of $2,619.57, be taxed against Respondents Salvatore Davide and Florida Law Center, Inc.
Upon review of the record, we conclude that the referee's findings are supported by competent, substantial evidence and that the conclusions of law are sound. We hereby adopt the conclusions of law and recommendations as to sanctions as our own.
Accordingly, the respondents, Salvador Davide and Florida Law Center, Inc., are hereby permanently enjoined from the practice of law and all of those activities more particularly described in the referee's report and quoted above. In addition, costs are taxed in favor of The Florida Bar and against the respondents in the amount of $2,619.57, for which sum let execution issue.
It is so ordered.
*186 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.