761 So.2d 1049 (2000)
THE FLORIDA BAR, Complainant,
v.
Candice L. MIRAVALLE, etc., et al., Respondents.
No. SC93101.
Supreme Court of Florida.
May 18, 2000.
Rehearing Denied July 10, 2000.
John F. Harkness, Jr., Executive Director, and Mary Ellen Bateman, Unlicensed *1050 Practice of Law Counsel, The Florida Bar, Tallahassee, Florida; James E. McDonald, Chair, Standing Committee on Unlicensed Practice of Law, Miami, Florida; and Barry W. Rigby, Branch UPL Counsel, Orlando, Florida, for Complainant.
Candice L. Miravalle, Melbourne, Florida, Respondent, pro se.
PER CURIAM.
Candice L. Miravalle, individually, and Express Legal Services, Inc., a Florida Corporation (respondents), petition this Court to review a referee's report recommending that respondents be enjoined from engaging in the unlicensed practice of law. We have jurisdiction. See Art. V, § 15, Fla. Const.

FACTS
The Bar filed a Petition Against the Unlicensed Practice of Law against respondents. After receiving responses to interrogatories, the Bar filed a motion for summary judgment. The appointed referee granted the Bar's motion and ordered that respondents be permanently enjoined from engaging in the practice of law. The referee incorporated the order granting the summary judgment motion into his report filed with this Court. The following is a summary of the referee's findings of fact.
Candice Miravalle (Miravalle) is the owner and operator of Express Legal Services, Inc., a business in Melbourne, Brevard County, Florida. At no time during these events was Miravalle a member of The Florida Bar. In December 1995, Miravalle prepared a marital settlement agreement and final judgment of dissolution of marriage for Peter and Holly Berkowitz. In August 1996, Miravalle prepared a motion to reopen a bankruptcy case, a motion seeking cancellation and discharge of a judgment, a motion to declare that a judgment was not a lien on homestead property and to quiet title, and orders relating thereto, for Frances Totten. In September 1997, Miravalle prepared a motion to reopen a bankruptcy case and a notice of service for Joseph Delphino. None of the above-mentioned documents were forms approved by the Supreme Court of Florida. In her responses to the Bar's interrogatories, respondent Miravalle admitted that she: (a) engaged in oral communications to obtain information to prepare these documents; (b) took information from other documents in order to prepare these documents; (c) engaged in legal research with regard to these documents; and (d) drafted and typed these documents.
Respondents ran newspaper advertisements during 1997, 1998, and 1999 containing the question, "Are you ignoring your legal needs because you can't afford an attorney?" These advertisements contained respondents' business name and listed legal areas in which Express Legal Services offered assistance.
The referee found that there were no genuine issues of material fact. The referee then concluded that respondents were engaged in the unlicensed practice of law because they were not simply operating a secretarial or typing service, but instead were rendering personal services which could reasonably cause members of the public to rely on them to properly prepare legal documents. Further, the referee found that respondents' use of their business name and advertisements constitutes the unlicensed practice of law because the business name and advertisements suggested to the public that respondents were authorized to provide legal services when, by law, respondents were only authorized to provide secretarial or typing services.
In the report filed with this Court, the referee recommends that we ratify and adopt the summary judgment order entered against respondents, enjoin respondents from engaging in the practice of law, and tax costs against respondents.
Respondents petition this Court for review, objecting to the referee's report and *1051 claiming that the referee erred in granting the Bar's motion for summary judgment. Respondents argue their conduct does not constitute the practice of law. Alternatively, respondents argue that even if their conduct constitutes the practice of law under current case law, this Court should reconsider its prior holdings and find that paralegals and other nonlawyers must be allowed to perform legal services. Respondents argue that to hold otherwise would violate their constitutional right to contract and also deprive them of equal protection of the laws.

ANALYSIS
The respondents challenge the propriety of the referee's entry of a summary judgment in this unlicensed practice of law (UPL) case. We agree with the referee and approve the referee's findings. In Florida Bar v. Daniel, 626 So.2d 178, 182 (Fla.1993), a bar disciplinary proceeding, this Court held:
Under Rule Regulating The Florida Bar 3-7.6(e)(1), once a formal complaint has been filed and forwarded to a referee for hearing, the Florida Rules of Civil Procedure apply except where otherwise provided in the rule. Florida Rule of Civil Procedure 1.510(c) provides for summary judgment where ... it is shown there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.
Thus, a referee has the authority in an UPL case to enter a summary judgment under the above-stated circumstances.
In the instant case, the Bar and respondents agree that respondents prepared legal documents which were not forms approved by this Court. Both agree that Miravalle engaged in oral communications, took information from other documents, and conducted legal research for the purpose of preparing these documents. Finally, respondents do not contest that they used the word "legal" in their business name and advertisements; nor do they contest the authenticity of the advertisements offered into evidence by the Bar. Therefore, there is no genuine issue of material fact and the issue facing this Court is whether these acts constitute the unlicensed practice of law.
The referee concluded that respondents' preparation of legal documents for their customers constitutes the unlicensed practice of law. We agree. This Court has repeatedly held that the preparation of legal documents by a nonlawyer for another person to a greater extent than typing or writing information provided by the customer on a form constitutes the unlicensed practice of law. See, e.g., Florida Bar v. Davide, 702 So.2d 184 (Fla.1997); Florida Bar v. Smania, 701 So.2d 835 (Fla.1997); Florida Bar v. American Senior Citizens Alliance, Inc., 689 So.2d 255 (Fla.1997); Florida Bar v. Schramek, 616 So.2d 979 (Fla.1993). This Court has also specifically held that a nonlawyer who orally takes information from an individual to complete a form when the form has not been approved by this Court is engaged in the unlicensed practice of law. See Florida Bar v. Catarcio, 709 So.2d 96 (Fla.1998).[1] Thus, we find as a matter of law that respondents engaged in the unlicensed practice of law by engaging in oral communication, taking information from written documents, and conducting legal research for the purpose of preparing legal documents not approved by this Court.
*1052 We also agree with the referee that respondents' use of their business name and the manner in which they advertise their services constitute the unlicensed practice of law. In Florida Bar v. Davide, this Court held that it constituted the unlicensed practice of law for a nonlawyer to use "Florida Law Center, Inc." as a company name because "the use of the name is misleading and gives the public the expectation that Florida Law Center, Inc., has expertise in the field of law." 702 So.2d at 184-85. We further held in Davide that it constitutes the unlicensed practice of law for a nonlawyer to advertise that his or her company specializes in legal areas and to use advertisements that describe legal procedures. See id. at 185.
In the instant case, respondents use the business name "Express Legal Services, Inc." In their advertisements, they ask the question, "Are you ignoring your legal needs because you can't afford an attorney?" Under this question is a list of legal fields, such as bankruptcy, adoption, eviction and divorce, in which respondents offer assistance. Thus, we conclude that respondents' use of the name "Express Legal Services, Inc." and the manner in which they advertise their services constitute the unlicensed practice of law under Davide.
We also conclude that respondents' challenges concerning the constitutionality of prohibiting nonattorneys from offering legal services are without merit. In the past, we have said that regulating the practice of law among nonlawyers does not violate nonlawyers' constitutional rights. In Schramek, 616 So.2d at 983, this Court found no merit to the nonlawyer's allegation that the regulation of nonlawyers unconstitutionally deprived him of his right to engage in business. In so holding, this Court stated that "prohibiting the unlicensed practice of law is `not done to aid or protect the members of the legal profession either in creating or maintaining a monopoly or closed shop. It is done to protect the public from being advised and represented in legal matters by unqualified persons.'" Id.(quoting State ex rel. Fla. Bar v. Sperry, 140 So.2d 587, 595 (Fla.1962)); see also Florida Bar v. Furman, 376 So.2d 378, 381 (Fla.1979) (adopting referee's report in UPL case where referee stated "[t]he fact she is an expert stenographer does not give her any legal right to engage in divorce and adoption practice anymore than a nurse has the right to set up an office for performing tonsillectomy or appendectomy operations or a dental assistant to do extractions or fill teeth"). Because the regulation of the unlicensed practice of law serves the critical role of protecting the public from unqualified individuals who are attempting to perform legal services, nonlawyers do not have a constitutional right to practice law by drafting legal documents or giving legal advice.

CONCLUSION
Accordingly, we approve the report of the referee and adopt the order granting the Bar's motion for summary judgment. Respondents Candice L. Miravalle, individually, Express Legal Services, Inc., a Florida Corporation, and any employees or persons acting in concert with respondents are permanently and perpetually enjoined from engaging in the unlicensed practice of law in the State of Florida. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from respondents Candice L. Miravalle, individually, and Express Legal Services, Inc., in the amount of $517.23, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] A nonlawyer may take information orally pursuant to Rule Regulating The Florida Bar 10-2.1(a), which provides:

[I]t shall not constitute the unlicensed practice of law for a nonlawyer to engage in limited oral communications to assist a person in the completion of blanks on a legal form approved by the Supreme Court of Florida. Oral communications by nonlawyers are restricted to those communications reasonably necessary to elicit factual information to complete the blanks on the form and inform the person how to file the form.
(Emphasis added.) Respondents clearly exceeded the conduct allowed to be performed by nonlawyers under this rule.