432 So.2d 54 (1983)
THE FLORIDA BAR, Complainant,
v.
Reynold MARTIN, Respondent.
No. 62547.
Supreme Court of Florida.
May 19, 1983.
James C. Rinaman, Jr., President, Jacksonville, John F. Harkness, Jr., Executive Director, Tallahassee, James P. Hahn, Chairman, Standing Committee on Unauthorized Practice of Law, Lakeland, and *55 Catherine L. Dickson, UPL Counsel, Tallahassee, and Wm. Snow Frates and Terry S. Bienstock of Frates, Bienstock & Sheehe, Miami, for complainant.
Reynold Martin, in pro. per.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against Reynold Martin is presently before us on Petition Against Unauthorized Practice of Law and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee's report and record were duly filed with this Court.
The referee entered the following order on March 3, 1983:
THIS CAUSE came before the Court upon the stipulation of the parties and the court having considered said stipulation and being otherwise fully advised in the premises, it is hereby
ORDERED AND ADJUDGED as follows:
1. The provisions of the foregoing joint motion and stipulation are approved and confirmed.
2. The following activities constitute the unauthorized practice of law and may not be carried out or conducted in Florida by the respondent, who is perpetually restrained and enjoined from:
(a) printing, or having printed on his behalf, stationery identifying respondent as "Reynold Martin, J.D.";
(b) corresponding, or causing an employee or business associate to correspond, with parties or the attorneys of parties as the representative of a client relative to legal matters;
(c) holding himself out to the community as being able to render assistance with legal problems.
3. The respondent now understands that his actions, as enumerated in the petition against the unauthorized practice of law filed herein ... constituted the unauthorized practice of law.
4. Having considered the pleadings and evidence, we order the respondent be permanently enjoined from engaging in the acts set forth herein in paragraph 2 above and from otherwise engaging in the practice of law in the State of Florida, unless and until respondent is admitted to the membership of The Florida Bar, and licensed to practice law in the State of Florida, and that, in the event that respondent engages in any of the conduct enjoined herein, and has not been duly licensed to practice law in this state, he will be found in indirect criminal contempt of the Supreme Court of the State of Florida for the unauthorized practice of law in this state.
5. In addition, the respondent is ordered to pay the costs of this proceeding to petitioner. The amount of such costs shall be determined by this court upon the filing of a statement of costs by petitioner.
6. The joint motion and stipulation is APPROVED. The proposed order and injunction are adopted as an order of and an injunction by this court.
The referee recommends that respondent be found guilty of the unauthorized practice of law and be permanently enjoined from engaging in the practice of law in the State of Florida, unless and until respondent is admitted to the membership of The Florida Bar, and licensed to practice law in the State of Florida.
Having carefully reviewed the record and stipulation, we approve the findings and recommendations of the referee.
Costs in the amount of $119.80 are hereby taxed against respondent.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.