661 So.2d 299 (1995)
THE FLORIDA BAR, Petitioner,
v.
Elida BECERRA, a/k/a Elida Becerra Domenech, Respondent.
No. 83787.
Supreme Court of Florida.
October 12, 1995.
John A. DeVault, III, President, Jacksonville; John W. Frost, II, President-elect, Bartow; John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Mary Ellen Bateman, Unlicensed Practice of Law Counsel and Janet E. Bradford, Assistant Unlicensed Practice of Law Counsel, Tallahassee; John Allen Yanchunis, Chair, Standing Committee on UPL, St. Petersburg; and Gary M. Bagliebter of Shutts & Bowen, Volunteer Bar Counsel, Miami, for Complainant.
Elida Becerra, pro se, Miami, for Respondent.
PER CURIAM.
This proceeding was initiated by The Florida Bar's filing of a petition charging Respondent Elida Becerra with engaging in the unlicensed practice of law. The Florida Bar and the respondent submitted a joint stipulation for the disposition of this proceeding. We have jurisdiction pursuant to article V, section 15, Florida Constitution. We approve the stipulation entered into by the parties and as recommended by the referee.
The dispositional provisions of the stipulation are set forth as follows:
WHEREAS, the parties hereto, by and through their undersigned counsel, stipulate and agree to submit to the jurisdiction of the Supreme Court of Florida and stipulate and agree as follows:
... .
2. In recognition that the preparation of forms to effect a change in immigration status requires legal training and familiarity with immigration laws and that failure to properly prepare the forms could result in great harm, including deportation, Respondent agrees as follows:

*300 A. Both parties agree that a Writ of Injunction shall issue permanently and perpetually enjoining Respondent, Elida Becerra, and her servants and employees or those acting in concert with her from:
(1) Advising persons and entities of their rights, duties and responsibilities under Florida law, or federal law, as those laws relate to immigration and naturalization matters, including advising persons and entities as to various immigration benefits or statuses and the INS forms and procedures which are required to obtain these benefits and statuses, except to any limited degree permitted under the Code of Federal Regulations.
(2) Advising persons and entities as to any legal remedy which might be available to them.
(3) Representing to the public, either personally or by use of advertisement, that she or any persons she either employs or who act in concert with her are capable of advising and handling matters requiring legal skills.
(4) Allowing members of the public to rely on Respondent to properly prepare legal forms or legal documents affecting the legal rights of persons and entities.
(5) Advertising in any fashion which may lead a reasonable lay person to believe that Respondent offers to the public legal service, legal advice, or personal legal assistance regarding immigration and naturalization matters.
(6) Taking inquiries or answering questions from persons and entities as to which particular INS form or application is suited to the needs of the persons and entities, how to fill out the form or application, or what supporting documentation should accompany the form or application.
B. Additionally, Respondent and her agents, servants, employees, and those acting in concert with her agree to take the following affirmative steps:
(1) In the event Respondent is contacted by any party seeking legal services, Respondent shall refuse to perform such legal services.
(2) In any advertising used by Respondent for immigration services, including but not limited to advertising which lists various types of immigration applications and petitions which may be made to the INS, Respondent shall include in such advertising a statement indicating that any "Immigration" services which may be provided are not legal services and are limited to the sale of blank forms and the service of typing the forms from information provided by the persons and entities seeking such services.
(3) Respondent agrees that every present and future employee of any business or service of Respondent, and all persons acting in concert with her, shall be provided with a copy of this Stipulation by Respondent, and shall be instructed by Respondent to act in accordance with the Stipulation.
(4) Respondent agrees to make restitution to the persons named in the Petition for repayment of fees taken from those persons as follows: $115.00 to Mayra Pino; $1,250.00 to Victor Manresa; $600.00 to Rosalina Manresa; and $400 to Maria Del Pino.
(5) Respondent agrees to pay costs incurred by Petitioner in the investigation and prosecution of this matter in an amount not to exceed $451.65.
Elida Becerra is hereby permanently enjoined from the unlicensed practice of law as set forth above and ordered to take the affirmative steps set forth above. In addition, judgment is entered against Elida Becerra for costs in the amount of $451.65, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.