**In re Larry Lloyd LOSEE, Debtor.**

**Bankruptcy No. 95–09644–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Feb. 15, 1996.

Larry Lloyd Losee, Ft. Myers, FL, pro se.

Stephany S. Carr, Trustee, Naples, FL.

Dean A. Sinibaldi, Ft. Myers, FL, for Insurance Consultants, Inc.

## ORDER ON TRUSTEE'S MOTION FOR EXAMINATION OF COMPENSATION PAID AND FOR SANCTIONS FOR UNAUTHORIZED PRACTICE OF LAW

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Examination of Compensation Paid and for Sanctions for the Unauthorized Practice of Law and Violation of Section 110 of the Bankruptcy Code filed by Stephany S. Carr (Trustee), the Trustee in charge of the administration of the estate of Larry Losee (Debtor). Based on the Motion, this Court issued an Order and directed Dean A. Sinibaldi (Sinibaldi) to appear and show cause, if he has any, why this Court should not order a disgorgement of the monies paid by the Debtor for the preparation of the Debtor's Statements, Schedules and other documents, and why sanctions should not be imposed on Sinibaldi pursuant to § 110(a) et. seq. of the Bankruptcy Code.

At a duly noticed hearing, this Court heard statements by the Debtor and by Sinibaldi and now finds and concludes as follows:

On September 20, 1995, the Debtor, in proper person, filed his Voluntary Petition For Relief under Chapter 7, without the benefit of legal assistance. It appears that the Petition, Statement, Schedules and other documents were prepared by Sinibaldi of Insurance Consultants, Inc., who, according to the Debtors' testimony taken under oath at the 341 meeting, charged the Debtor $220.00 for preparation of the Petition, Statements and other necessary documents. Sinibaldi did not file a Disclosure Statement as required of non-attorneys pursuant to § 110(h)(1). While the Trustee's Motion did request the reexamination of the fees paid by the Debtor to Sinibaldi and did not seek an order of disgorgement of the amount found to be excessive, it sought the imposition of sanctions for an alleged violation of § 110 of the Code. Unfortunately, the Trustee failed to specify the particular subclause which was allegedly violated by Sinibaldi and instead merely claimed that Sinibaldi engaged in the unauthorized practice of law. The Trustee also requested this Court to enjoin Sinibaldi from continuing to engage in the unauthorized practice of law.

As a preliminary matter, this Court is satisfied that it has jurisdiction to reexamine the charges made by Sinibaldi for preparation of the Debtor's Petition, Statements and other documents based on § 329 of the Bankruptcy Code and F.R.B.P. 2017. Next, this Court finds that the charge for strict typing services should not exceed the sum of $125, thus the charge of $220 was excessive. However, in the present instance Sinibaldi's failure to file the required Disclosure Statement justifies the entry of an Order directing a disgorgement of all fees charged; to with, the sum of $220.

This leaves for consideration the Trustee's request to sanction Sinibaldi for his alleged violation of § 110 of the Code. This Section, was which added to Chapter I of the Code by the Bankruptcy Reform Act of 1994 (Pub.L. 103–394), regulates the conduct of a "Petition Preparer" and authorizes the imposition of sanctions for violations of certain specified provisions. While there is hardly any doubt that Sinibaldi is a Petition Preparer within the meaning of that term as defined by subclause (a)(1) of § 110 and that he clearly violated several of its provisions; it is equally clear that none of these violations were alleged by the Trustee and the alleged violation, i.e., "unauthorized practice of law" is not one of the conducts proscribed by this Section. Moreover, whether or not Sinibaldi is guilty of unauthorized practice of law is a question which must be resolved by the Supreme Court of this State upon the recommendation of the Florida Bar and not by this Court. This conclusion should not be interpreted to mean that this Court lacks the power to refer the matter to The Florida Bar for investigation if it appears that a person might have engaged in the unauthorized practice of law before this Court in conjunction with the preparation of Petitions, Statements, Schedules and other documents required to be filed by F.R.B.P. 1007.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion to Reexamine the fees charged by Insurance Consultants, Inc./Dean A. Sinibaldi to Larry Lloyd Losee, the Debtor, be and the same is hereby GRANTED and upon reexamination this Court is satisfied that the Respondents, Insurance Consultants, Inc./Dean A. Sinibaldi, shall refund to the Debtor within 30 days of the date of the entry of the Order the sum of $220, provided the Debtor files an amended claim of exemption claiming the same as exempt, but in the event he fails to do so within 30 days from the date of the entry of this Order, they shall refund the same to the Trustee Stephany S. Carr. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Impose Sanctions for Violation of Section 110 be and the same is hereby denied without prejudice for the reasons stated.

DONE AND ORDERED.