709 So.2d 96 (1998)
THE FLORIDA BAR, Complainant,
v.
Richard CATARCIO, Respondent.
No. 88850.
Supreme Court of Florida.
February 12, 1998.
Rehearing Denied April 28, 1998.
*97 John Allen Yanchunis, Chair, Standing Committee on Unlicensed Practice of Law, St. Petersburg, John F. Harkness, Jr., Executive Director; Mary Ellen Bateman, UPL Counsel, Tallahassee, and Janet E. Bradford, Branch UPL Counsel, Ft. Lauderdale, for Complainant.
Arthur N. Razor, Coral Springs, for Respondent.
PER CURIAM.
We have for review the referee's report regarding the unlicensed practice of law by respondent, Richard Catarcio. We have jurisdiction. Art. V, § 15, Fla. Const.
On August 28, 1996, The Florida Bar filed a two-count petition against Catarcio, alleging that he had engaged in the unlicensed practice of law in relation to his preparation of a bankruptcy petition and the manner in which he advertised his legal forms preparation service. Catarcio filed an answer and moved to dismiss the petition, arguing that the Bar's attempt to regulate his conduct was preempted by 11 U.S.C. § 110 (1994), which generally regulates the conduct of a "bankruptcy petition preparer," and that the relief sought in the petition would violate the First Amendment of the United States Constitution as it would unlawfully infringe on his commercial speech. We denied Catarcio's motion and a hearing was held before a referee on September 15, 1997. After conducting the hearing, the referee made the findings of fact set forth below.
Catarcio was not and is not a member of The Florida Bar and is therefore not licensed *98 to practice law in Florida. He operates a paralegal service business under the name "American Paralegal Center, Inc.," a Florida corporation, of which he is the sole officer, director, and owner, and his business card shows the Scales of Justice and identifies him as "Richard T. Catarcio, J.D." Catarcio advertises his business in The Flyer, a weekly advertising publication, under the heading "Professional Services" and the subheading "Legal," and the advertisement provides a list of available services, including simple divorce and bankruptcy. The advertisement also contains an offer of "Free Consultation."
In May 1994, Robert Cooper contacted Catarcio for assistance in filing for personal bankruptcy. Cooper met with Catarcio at Catarcio's office, seeking advice as to the appropriateness of filing for bankruptcy, and Catarcio told him that filing for bankruptcy would be proper. Catarcio advised Cooper that he was eligible to file for bankruptcy and that he should file under Chapter 7 of the Bankruptcy Code; Cooper wanted Catarcio to file the bankruptcy petition for him because he thought Catarcio knew what he was doing.
Thereafter, Catarcio advised Cooper and Cooper's ex-wife, Michele Caron, to file for joint bankruptcy, advising Caron that if she did not file for joint bankruptcy, the bankruptcy trustee would "come after" her once Cooper's bankruptcy was completed. Catarcio then orally communicated with Cooper concerning the information to be placed in the bankruptcy petition and what to write in filling out the petition. Catarcio decided where to file the petition and what boxes to check on the bankruptcy forms indicating under which statutes Cooper's property should be exempted, as Cooper did not know what placing check marks in the boxes meant. Catarcio also advised Cooper about what qualified as joint property for the purposes of bankruptcy, selected the legal citations to be placed in the petition to indicate the statutory exemptions claimed, and explained the value of Cooper's personal property which could be claimed as exempt. In addition, Catarcio advised Caron to sign her name as "Cooper" on the joint bankruptcy petition even though she told him that she was divorced and that her legal name at the time was Caron.
Subsequently, when two omissions in the bankruptcy petition were discovered, Cooper again contacted Catarcio. Catarcio advised him to file an amendment to add an omitted creditor, Sears, and to add his vehicle, a van, to the bankruptcy petition. Catarcio informed Cooper that Catarcio would prepare the amendment to the petition and that Cooper "should not worry about it," adding that the effect of the amendment would be that the bankruptcy trustee would be unable to take the van. Catarcio then took the information from Cooper orally to prepare the amendment.
Cooper testified that he went to Catarcio to have him properly and competently fill out his bankruptcy forms and that, in preparing the bankruptcy petition and amendment, Catarcio held himself out in such a way that Cooper assumed he was an attorney because of "the way he [Catarcio] talked the law to me [Cooper] about the bankruptcy ... all these articles and stuff like that." As a result of filing for joint bankruptcy, neither Cooper nor Caron can obtain credit.
Based on the above findings of fact, the referee concluded that Catarcio had engaged in the unlicensed practice of law by (1) advising Cooper and Caron as to various legal remedies available to them and possible courses of action; (2) taking information from Cooper orally to complete the bankruptcy petition and amendment when the forms being completed were not forms approved by this Court; (3) having direct contact with Cooper and Caron in the nature of consultation, explanation, recommendations, advice and assistance in the provision, selection, and completion of legal forms; (4) inducing Cooper to place reliance upon him in the preparation of his bankruptcy forms; (5) advising Cooper and Caron to file a joint bankruptcy petition when they were not married in contravention of 11 U.S.C. § 302(a), which states that joint bankruptcy petitions are filed by a debtor and the debtor's spouse, and by advising Caron to fraudulently sign her name as "Cooper" even though she told him that she was divorced from Cooper and that her legal name at the time was Caron; *99 (6) offering "Free Consultation" in advertising his legal forms preparation service in that it holds him out as able to provide legal services in the nature of consultation and because it goes beyond the limitations placed on nonlawyer advertising by offering more than secretarial and notary services and selling legal forms and general printed materials; and (7) by using the designation "J.D." on his business card in conjunction with his offer of the preparation of legal forms and the depiction of the Scales of Justice.
After arriving at the above conclusions, the referee recommended that this Court find that Catarcio engaged in the unlicensed practice of law based on his conduct in the preparation of Cooper and Caron's joint bankruptcy petition, as well as the manner in which Catarcio advertised his legal forms preparation service. The referee then recommended that Catarcio be enjoined from the unlicensed practice of law and taxed for the costs of these proceedings. Catarcio filed objections to the referee's report, essentially raising the same arguments that he raised in his initial motion to dismiss, and the Bar filed a response. We approve the report of the referee.[1]
A referee's findings of fact are presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. See, e.g., Florida Bar v. Hughes, 697 So.2d 501, 503 (Fla.1997); Florida Bar v. Seldin, 526 So.2d 41, 43-44 (Fla.1988). The party seeking review in a proceeding concerning the unlicensed practice of law bears the burden of showing that the referee's findings are clearly erroneous and unsupported by the record. See, e.g., Hughes, 697 So.2d at 503; Florida Bar v. McClure, 575 So.2d 176, 177 (Fla.1991). Unless that burden is met, the referee's findings will be upheld on review. See Hughes, 697 So.2d at 503. In this case, Catarcio has failed to meet his burden of showing the referee's findings of fact to be clearly erroneous or unsupported by the record. Consequently, we find that the referee's findings of fact are supported by competent, substantial evidence. See, e.g., Florida Bar v. MacMillan, 600 So.2d 457 (Fla.1992).
We also approve the referee's conclusions and recommendations. This Court has issued numerous decisions proscribing the type of conduct engaged in by Catarcio. See Florida Bar v. Davide, 702 So.2d 184 (Fla. 1997) (adopting uncontested referee's report finding nonlawyers engaged in unlicensed practice of law by, among other things, advising persons regarding bankruptcy exemptions); Florida Bar v. Warren, 655 So.2d 1131, 1132-33 (Fla.1995) (enjoining nonlawyer from, among other things, counseling persons as to "the advisability of their filing for protection under the United States bankruptcy laws"); Florida Bar v. Schramek, 616 So.2d 979, 984 (Fla.1993) (finding nonlawyer engaged in unlicensed practice of law in many areas, including bankruptcy, by providing services "which require[d] a knowledge of the law greater than that possessed by the average citizen"); Florida Bar v. King, 468 So.2d 982, 983 (Fla.1985) (adopting uncontested *100 referee's report finding nonlawyer engaged in unlicensed practice of law by, among other things, having "direct contact in the nature of consultation, explanation, recommendations, advice and assistance in the provision, selection and completion of forms"); Florida Bar v. Martin, 432 So.2d 54 (Fla.1983) (approving referee's report finding nonlawyer's use of designation "J.D." in conjunction with his name constituted unlicensed practice of law); Brumbaugh, 355 So.2d at 1194 (enjoining nonlawyer from advising clients as to various available remedies, making inquiries or answering questions as to particular forms which might be necessary, how best to fill out such forms, and where to properly file such forms). This Court has also adopted rules regulating the unlicensed practice of law which proscribe the type of conduct engaged in by Catarcio. See R. Regulating Fla. Bar 10-2.1(a) (1997) (restricting nonlawyer oral communications solely to those eliciting factual information for the completion of forms approved by this Court); see also Florida Bar Re Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating The Florida Bar, 591 So.2d 594, 595 (Fla.1991) (approving "fill-in-the-blank" forms developed by the Bar for use in "areas amenable to a forms practice").
Federal bankruptcy courts sitting in Florida have found similar conduct constituted the unlicensed practice of law. See In re Samuels, 176 B.R. 616, 621-22 (Bankr.M.D.Fla. 1994) (providing exhaustive list of activities constituting the unlicensed practice of law in bankruptcy context in Florida and other jurisdictions, and stating that "[t]he Florida Supreme Court and Florida bankruptcy courts have made it clear that persons wanting to provide services in the bankruptcy area are limited to typing or transcribing written information provided to them by a consumer onto pre-prepared forms"); In re Calzadilla, 151 B.R. 622, 625-26 (Bankr.S.D.Fla.1993) (providing what bankruptcy services a nonlawyer may and may not provide); In re Bachmann, 113 B.R. at 773-75 (applying this Court's Brumbaugh decision in bankruptcy context).[2]
We agree with the referee that Catarcio has engaged in the unlicensed practice of law, and we enjoin Richard Catarcio individually, his agents and employees, and any other business entities in which he holds an interest, from engaging in the following activities: (1) advising customers of their rights, duties and responsibilities under Florida or federal law, (2) making inquiries and answering questions as to the particular bankruptcy forms that might be necessary, how best to fill out the forms, the information necessary to complete the forms, and where to properly file such forms, (3) giving advice and making decisions on behalf of others that require legal skill and a knowledge of the law greater than that possessed by the average citizen, (4) advising about or explaining legal remedies and possible courses of action that affect the procedural or substantive legal rights, duties and privileges of persons, (5) counseling customers as to the advisability of filing for protection under United States bankruptcy laws, (6) allowing members of the public to rely on Catarcio to properly prepare legal forms or legal documents affecting individuals' legal rights, (7) using the phrase "Free Consultation" in advertising his legal *101 form preparation service, and from advertising any legal form preparation services beyond the business activities of providing secretarial and notary services, and selling legal forms and general printed information, and (8) using the designation "J.D." following his name in the context of print advertisements, business cards, or other offerings of his legal form preparation services, or in any other manner which could mislead the public into believing Catarcio can assist the public in legal matters. Judgment for costs is entered in favor of The Florida Bar and against Richard Catarcio in the amount of $1,182.44, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] As we did in denying Catarcio's motion to dismiss, we disagree with his argument that 11 U.S.C. § 110 (1994), preempts this Court's authority to regulate the unlicensed practice of law in Florida in the bankruptcy context. See 11 U.S.C. § 110(k) (1994) (providing that "[n]othing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law"); Sperry v. Florida ex rel. Florida Bar, 373 U.S. 379, 385, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963) (finding state's licensing requirements are preempted only to the extent that federal law expressly authorizes performance of an activity); In re Losee, 195 B.R. 785, 786 (Bankr.M.D.Fla.1996) (stating that "whether or not [the bankruptcy petition preparer] is guilty of unauthorized practice of law is a question which must be resolved by the Supreme Court of this State upon the recommendation of the Florida Bar and not by this Court"); cf. Florida Bar Re Advisory Opinion on Nonlawyer Representation in Securities Arbitration, 696 So.2d 1178, 1183-84 (Fla.1997); Chandris, S.A., v. Yanakakis, 668 So.2d 180, 183 (Fla.1995). We also disagree with Catarcio's argument that the First Amendment of the United States Constitution prohibits the regulation of his conduct. See Sperry, 373 U.S. at 383, 83 S.Ct. at 1324-25; In re Bachmann, 113 B.R. 769, 773 (Bankr.M.D.Fla.1990) (enjoining bankruptcy petition preparer from engaging in unlicensed practice of law while recognizing that important constitutional rights are affected in such cases); Florida Bar v. Brumbaugh, 355 So.2d 1186, 1192 (Fla.1978) (enjoing unlicensed practice of law while recognizing First Amendment rights are affected).
[2] There are also several articles discussing the activities that courts have found acceptable for bankruptcy petition preparers to engage in. See A. Jay Cristol, The Nonlawyer Provider of Bankruptcy Legal Services: Angel or Vulture?, 2 Am. Bankr.Inst. L.Rev. 353, 361-65 (1994) (discussing various activities which bankruptcy courts have found to be the unlicensed practice of law, including discussion of In re Calzadilla, where the author served on the en banc panel which set forth what bankruptcy services a nonlawyer may and may not provide); Sheryl Serreze, The Unauthorized Practice of the Law in Bankruptcy Cases  Regulating "Petition Preparers", R.I.B.J., Jan. 1996, at 27, 28 (stating that "[i]n light of the detailed findings by bankruptcy courts regarding what activities constitute `legal assistance' in the bankruptcy context, non-attorneys would be well advised to provide only secretarial services such as typing bankruptcy forms for clients, and only if they copy written information furnished by the clients"); Mary M. Testerman, Bankruptcy Paralegal Regulation and the Bankruptcy Reform Act of 1994: Legitimate Legal Assistance Options for the Pro Se Bankruptcy Debtor, 23 Cal. Bankr.J. 37, 41 (1996) (stating that "[t]yping is the only activity paralegals can perform with absolute immunity"). These articles may provide some additional guidance for nonlawyers attempting to provide bankruptcy services so that their services do not impinge upon the practice of law.