883 So.2d 1280 (2004)
THE FLORIDA BAR, Petitioner,
v.
WE THE PEOPLE FORMS AND SERVICE CENTER OF SARASOTA, INC., et al., Respondents.
No. SC02-1675.
Supreme Court of Florida.
April 29, 2004.
Rehearing Denied September 27, 2004.
Don Wich, Chair, Standing Committee on Unlicensed Practice of Law, John F. Harkness, Jr., Executive Director, and Lori Holcomb, Unlicensed Practice of Law Counsel, The Florida Bar, Tallahassee, FL; and Loretta Comiskey O'Keeffe, Branch Counsel, Unlicensed Practice of Law Department, Tampa, FL, for Complainant.
Robert A. Norgard, Bartow, FL, for Respondents.
PER CURIAM.
We review a referee's report recommending that respondents, We The People Forms and Service Center of Sarasota, Inc., ("WTP/Sarasota") and Danielle Kingsley be enjoined from engaging in the unlicensed practice of law (UPL). We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's findings of fact and conclusion of law that respondents have engaged in UPL in Florida, and we enjoin such practice in the future. We further approve the referee's recommendation that respondents be jointly and severally assessed a monetary penalty of $9000.

FACTS
On July 26, 2002, The Florida Bar filed a Petition Against the Unlicensed Practice of *1281 Law against respondents. The petition alleged that respondents had engaged in nine counts of UPL. The nine counts involved numerous separate incidents. The Bar sought an injunction as well as $9000 in monetary penalties against respondents.
The referee granted the Bar's motion for judicial notice and its motion to deem matters admitted. Respondents also agreed to the entry of summary judgment in the proceedings before the referee. After holding a hearing on costs and penalties, the referee issued a report finding that there was no dispute of fact as to the following:
1. Respondent Kingsley and Respondent WTP/Sarasota were not and are not members of The Florida Bar and... they were not and are not licensed to practice law in Florida.
2. Respondents advertise legal form preparation services beyond the business activities of typing legal forms and notary services, and selling legal forms and general printed information.
3. Respondents offered legal services directly to their customers by employing a licensed Florida attorney, Robert A. Norgard, to give legal advice to Respondents' customers.
4. In the matter of Scott Edward Drage v. Tonya Drage, Case No.2001-DR-3187-NC (Fla.Cir.Ct. 12th Cir.), Respondents provided legal advice, legal services and personal legal assistance to Scott Edward Drage in the preparation of his dissolution of marriage.
5. In the matter of William H. Schwaab, III v. Catherine A. Schwaab, Case No.2001-DR-9314-NC (Fla.Cir.Ct. 12th Cir.), Respondents provided legal advice, legal services and personal legal assistance to William H. Schwaab, III, regarding his dissolution of marriage.
6. In the matter of In Re Lett, Case No. 01-11545-8G7 (Bankr.M.D.Fla.), Respondents provided Thelma M. Lett with legal advice, legal services and personal legal assistance in the preparation of a bankruptcy proceeding.
7. Ronald L. Russell received legal advice, legal services and personal legal assistance from Respondents in the preparation of living trust documents.
8. In the matter of Bernard Flynt Johnson, Jr. v. Patricia Lee Johnson, Case No.2001-DR-3921-NC (Fla.Cir.Ct. 12th Cir.), Respondents provided legal advice, legal services and personal legal assistance to Bernard Flynt Johnson, Jr. concerning his dissolution of marriage.
9. In the matter of In re St. George, Case No. 01-10783-8W7 (Bankr.M.D.Fla.), Respondents provided John Allen St. George with legal advice, legal services and personal legal assistance in preparation of a bankruptcy.
10. In the matter of In re Plush, Case No. 01-10312-8B7 (Bankr.M.D.Fla.), Respondents provided legal advice, legal services and personal legal assistance to Christina Plush in regards to the preparation of a bankruptcy.
11. In the matter of In re Manbeck, Case No. 01-02357-8W7 (Bankr.M.D.Fla.), Respondents provided Mr. and Mrs. Mark Manbeck with legal advice, legal services and personal legal assistance in the preparation of a bankruptcy.
12. Respondent Kingsley contacted opposing parties and the attorneys for opposing parties on behalf of customers in reference to legal matters.
Based on the foregoing, the referee concluded that respondents had engaged in the unlicensed practice of law in Florida in violation of the decisions of this Court by (1) providing customers with legal assistance in the selection, preparation, and completion of legal forms; (2) correcting *1282 customers' errors or omissions; (3) preparing or assisting in the preparation of pleadings and other legal documents for their customers; (4) corresponding with opposing parties or the attorneys of opposing parties as the representative of a customer in a legal matter; (5) hiring a licensed Florida attorney to provide legal advice to respondents' customers; (6) holding a licensed Florida attorney out to their customers as respondents' supervising attorney; and (7) advertising their services in such a way that led the public to believe that respondents were capable of providing legal services.
In light of these conclusions, the referee recommended:
A. That We The People Forms and Service Center of Sarasota, Inc. and Danielle Kingsley be found to have engaged in the unlicensed practice of law in the State of Florida.
B. That We The People Forms and Service Center of Sarasota, Inc. and Danielle Kingsley be restrained and enjoined from engaging in the following activities:
1. Holding themselves out to the public in such a manner that the public places some reliance on [Respondents] to properly prepare legal documents;
2. Representing to the public, either personally or by use of advertisement, that We The People Forms and Service Center of Sarasota, Inc. and/or Danielle Kingsley, or any persons that [are] either employed by or who act in concert with Respondents, that they are capable of advising and handling matters requiring legal skills;
3. Advertising any legal form preparation services beyond the business activities of typing legal forms and notary services, and selling legal forms and general printed information;
4. Advertising in a manner which suggests to the public that the services offered by We The People Forms and Service Center of Sarasota, Inc. and/or Danielle Kingsley are the equivalent of or a substitute for the services of an attorney;
5. Advertising in any fashion which may lead a reasonable lay person to believe that We The People Forms and Service Center of Sarasota, Inc. and/or Danielle Kingsley offer to the public legal service, legal advice or personal legal assistance regarding any legal matter;
6. Completing forms or assisting in the completion of forms that are not simplified forms approved by the Supreme Court of Florida, except to the extent permitted by The Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla.1978);
7. Providing personal services in the preparation of legal documents that goes beyond selling forms, typing forms, providing written information or providing secretarial or notary services;
8. Preparing or assisting in the preparation of any pleadings, motions, legal memoranda, arguments, briefs, notices, or any other legal documents or pleadings for another person;
9. Using the title paralegal or legal assistant unless Respondent Kingsley is working for and under the supervision of a member of The Florida Bar and performs specifically delegated substantive legal work for which a member of The Florida Bar is responsible;
10. Offering legal services directly to the public by employing a member of The Florida Bar to provide the lawyer supervision required by Rule 10-2.1(b) of the Rules Regulating The Florida Bar;
11. Giving advice and making decisions on behalf of another person that requires legal skill and a knowledge of *1283 the law greater than that possessed by the average citizen;
12. Giving legal advice to another person concerning the application, preparation, advisability, or quality of any legal instrument or document or forms thereof in connection with any legal proceeding or procedure;
13. Construing or interpreting the legal effect of Florida or Federal laws and statutes for another person, as those laws relate to any legal matter including probate, dissolution of marriage and bankruptcy matters;
14. Giving advice and/or explaining legal remedies and options to another person that affects their procedural and substantive legal rights, duties and privileges;
15. Having direct contact with another person in the nature of consultation, explanation, recommendation, advice and assistance in the provision, selection and completion of preprinted legal forms;
16. Initiating and controlling a lawyer-client relationship, setting fees and paying an attorney to do work for a third party;
17. Engaging in any personal legal assistance in the preparation of legal forms including correcting customer's errors or omissions or providing customers with any assistance in preparing the forms other than mere typing;
18. Advising another person as to the need for a will or living trust and related documents and/or identifying the type of will or living trust and related documents most appropriate for another person;
19. Assembling and/or drafting a will, living trust, deed, durable power of attorney or related documents for another person;
20. Executing and/or advising on the execution of a will, living trust, deed, durable power of attorney or related documents for another person;
21. Funding and/or advising on the funding of a living trust for another person;
22. Otherwise directly or indirectly through other persons engaging in the practice of law in the State of Florida until licensed to do so.
C. That the costs of this proceeding be taxed against Respondents jointly and severally.
D. That Respondents should be jointly and severally assessed a monetary penalty of $9000.00, payable to the Supreme Court of Florida.
On September 24, 2003, respondents filed with this Court objections to the referee's report.

ANALYSIS
Having reviewed the record, we conclude that competent, substantial evidence exists to support the referee's factual findings. We further conclude that under our case law, respondents' actions constitute the unlicensed practice of law. See, e.g., Florida Bar v. Catarcio, 709 So.2d 96 (Fla.1998) (holding that a nonlawyer who has direct contact with individuals in the nature of consultation, explanation, recommendations, advice, and assistance in the provision, selection, and completion of legal forms engages in the unlicensed practice of law); Florida Bar v. Becerra, 661 So.2d 299 (Fla.1995) (enjoining a nonlawyer from advertising in any fashion that may lead a reasonable lay person to believe that the nonlawyer may offer to the public legal services, legal advice, or personal legal assistance); Florida Bar v. Consol. Bus. & Legal Forms, Inc., 386 So.2d 797 (Fla.1980) (holding that a corporation engaged in the unlicensed practice of law where its officers *1284 and stockholders were nonlawyers with no legal training who supervised and maintained a degree of control over the legal services it furnished through its lawyer employees and noting the inherent conflict of interest between the legal needs of the client and the monetary policy of the corporation and how such a business structure permits unlicensed and unregulated persons to profit from the providing of services which by law they are prohibited from providing); Florida Bar v. Brumbaugh, 355 So.2d 1186, 1194 (Fla.1978) (holding that while a nonlawyer may sell certain legal forms and type up instruments completed by clients, a nonlawyer "must not engage in personal legal assistance in conjunction with her business activities, including the correction of errors and omissions").[1] We conclude that respondents may be enjoined from engaging in such behavior.
We now turn to the issue of the recommended $9000 penalty against respondents. In 2000, Rule Regulating the Florida Bar 10-7.1 was amended to permit a referee in a UPL proceeding to recommend "the imposition of a civil penalty not to exceed $1000 per incident." See Amendments to the Rules Regulating the Florida Bar, 763 So.2d 1002, 1033 (Fla.2000). In this case, after holding a hearing and finding that respondents engaged in the unlicensed practice of law, the referee recommended the assessment of nine $1000 fines, one for each count of UPL set forth in the Bar's petition.
We conclude that the facts of the instant proceeding justify imposition of the penalty. The record clearly shows that respondents engaged in numerous acts of UPL. Further, at the hearing on costs and penalties, the Bar stated that WTP/Sarasota is "operating as usual." Thus, it seems that WTP/Sarasota has been unfazed by the possibility that penalties may be imposed upon it in the instant proceeding. In light of the foregoing, we approve the referee's recommendation that respondents We The People Forms and Service Center of Sarasota, Inc., and Danielle Kingsley be jointly and severally assessed a monetary penalty of $9000.

CONCLUSION
Accordingly, we approve the referee's report in its entirety, and we hereby enjoin respondents We The People Forms and Service Center of Sarasota, Inc., and Danielle Kingsley from engaging in the unlicensed practice of law in the State of Florida, including those activities specified in the referee's report and quoted above. We further approve the referee's recommendation that respondents be jointly and severally assessed a monetary penalty of $9000, made payable to the Supreme Court of Florida. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from We The People Forms and Service Center of Sarasota, Inc., and Danielle Kingsley, jointly and severally, in the amount of $4,455.87, for which sum let execution issue.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Further, by agreeing to the entry of summary judgment, respondents effectively stipulated to the Bar's factual allegations and stipulated that, as a matter of law, respondents' conduct constitutes the unlicensed practice of law. Therefore, we find respondents' attempts at this time to challenge the referee's conclusion that their conduct constitutes the unlicensed practice of law to be improper.