215 So.2d 613 (1968)
In re The Joint Petition of THE FLORIDA BAR and Raymond, James and Associates, Inc., a Florida Corporation.
No. 37819.
Supreme Court of Florida.
November 6, 1968.
Alan C. Sundberg, St. Petersburg, Edward I. Cutler, Tampa, and Paul H. Roney, St. Petersburg, for The Florida Bar.
Baya M. Harrison and William F. Blews, of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for Raymond, James and Associates, Inc.
PER CURIAM.
This cause coming before the Court presents the question whether certain activities of a securities broker constitute the unauthorized practice of law, and it appearing from the joint petition signed by the parties that petitioners, The Florida Bar and Raymond, James and Associates, Inc., a Florida corporation, have consented to this decree to clarify and remove any existing areas of disagreement which may have arisen between them, and the parties having agreed that the procedural provisions of Sub-sections 4 through 8, inclusive, of Article XVI of the Integration Rule of The Florida Bar, 32 F.S.A. be waived and that the joint petition be entertained, and the Court having jurisdiction of this matter, it is hereby
Ordered, adjudged and decreed as follows:
1. The following activities constitute the unauthorized practice of law and may not be carried on by Raymond, James and Associates, Inc., its individual officers, agents or employees and each of them is perpetually restrained and enjoined from:
(1) Giving legal advice, directly or indirectly to individuals or groups concerning the application, preparation, advisability *614 or quality of any legal instrument or document or forms thereof in connection with the disposition of property inter vivos or upon death, including inter vivos trusts and wills.
(2) Advertising that they will give any legal advice concerning the form or manner of ownership of property applicable either while the individual is living or upon death, or concerning the planning of an estate and disposition of property either inter vivos or upon death.
(3) Giving legal advice, directly or indirectly to individuals or groups concerning the legal consequences of joint ownership of property and holding out-of-state assets, or concerning the effect of the statutes, laws or court decisions of Florida or any other jurisdiction upon one who is no longer able to manage his own affairs.
(4) Advising, directly or indirectly, an individual or individuals concerning the quality or advisability of the use of various devices for disposing of his or their property upon death.
(5) Holding, sponsoring or appearing as a participant at meetings, seminars or group gatherings for the purpose of discussing the legal aspects of retirement planning, joint ownership of property, out-of-state assets, wills and trusts.
(6) Offering, directly or indirectly, to give legal advice or render legal services to the public and inviting the public, either directly or by implication in advertising, to bring any legal problem to them for advice.
(7) Offering estate analysis services which involve providing specific legal information in relation to specific facts of a particular person's estate.
2. Raymond, James and Associates, Inc., its officers, agents and employees properly may, as long as it does not violate any of the foregoing provisions:
(1) Solicit specific facts about customers' or prospective customers' assets.
(2) When acting as a securities broker, securities dealer, securities salesman or investment counsel licensed under the state or federal law (i) complete or aid in the completion of simple, routine forms relating to the transfer or ownership of shares of stock and other securities, including mutual fund shares; (ii) complete or aid in the completion of simple, printed withdrawal and re-investment plans supplied by mutual fund companies; (iii) complete or aid in the completion of simple printed forms supplied by mutual fund companies which provide for accumulation or payment of funds during minority when no successor beneficiary or future interest is involved; (iv) other similar simple, routine forms which are incidental to the Corporation's sale, purchase or transfer of securities; and (v) complete or aid in the completion of standardized printed forms relating to the so-called "Keogh" self-employed retirement plans provided such forms are supplied by institutional trustees or custodians, or by life insurance or mutual fund companies and are prototype forms approved by the Internal Revenue Service and provided further that the third person is notified that legal and tax consequences in such plans vary in particular cases and the third person should consult his attorney.
(3) Without purporting to determine specific tax liability, discuss and project possible income and gift tax effects from the sale, purchase, transfer or ownership of investments.
(4) Assist with specific factual information needed by customers or prospective customers for the preparation of tax returns, local, state or federal.
(5) Discuss with customers or prospective customers the common and usual methods of registration of ownership of securities.
(6) Confer with attorneys of customers or attorneys of prospective customers concerning *615 the manner of registration of ownership of investments for clients.
(7) Assist the attorneys of customers or attorneys of prospective customers in planning the disposition of the client's estate specifically, and carry out the attorneys' instructions relative to those plans.
(8) Discuss with customers or prospective customers, in general, federal and local estate and inheritance taxes, unrelated to the specific tax liability of the customer or prospective customer.
(9) Lecture before groups on the subject of finance, investments, economics, general principles of taxation and common and usual methods of ownership of investments.
(10) Discuss general principles of law in a general manner without applying, directly or indirectly, such general principles to a factual situation.
(11) Discuss the securities investment aspects of self-employed and corporate profit-sharing and pension plans.
(12) Advertise to the public the Corporation's services relative to individual financial analysis, including general tax considerations of investments.
The Corporation has cooperated in seeking the determination made herein and there is nothing to indicate that it has deliberately or contemptuously violated that part of the Integration Rule prohibiting the unauthorized practice of law.
No proceeding for contempt for violation of this decree shall be instituted by The Florida Bar unless Raymond, James and Associates, Inc. shall have been given thirty days' written notice by The Florida Bar of its intention to institute such proceedings, within which thirty-day period of time, Raymond, James and Associates, Inc. may discontinue the acts, omissions or course of conduct and thereby purge itself of the alleged contempt, provided there be no repetition of such acts, omissions or course of conduct.
It is so ordered.
CALDWELL, C.J., and DREW, THORNAL, ERVIN and HOPPING, JJ., concur.