410 So.2d 498 (1982)
THE FLORIDA BAR, Petitioner,
v.
Lois Helen MILLS and American Crime Prevention Rehabilitative Services, Inc., Respondents.
No. 60341.
Supreme Court of Florida.
February 11, 1982.
Samuel S. Smith, President, Miami Beach, John F. Harkness, Jr., Executive Director and H. Glenn Boggs, Asst. Staff Counsel-UPL, Tallahassee, and Ronald R. Richmond, Chairman, Standing Committee on Unauthorized Practice of Law, New Port Richey, of The Florida Bar; and Michael S. Davis, Appointed Bar Counsel, Orlando, for petitioner.
Thomas S. Kirk, Orlando, for respondents.
PER CURIAM.
This matter is before us on petition for unauthorized practice of law, response to rule to show cause, and report and recommendation of referee.
The referee recommends that the Supreme Court adopt the joint motion and stipulation of settlement in these proceedings as follows:

JOINT MOTION AND STIPULATION OF SETTLEMENT
Come now, the Petitioner, the Florida Bar, by and through its undersigned appointed *499 bar counsel, and the Respondents, Lois Helen Mills and American Crime Prevention Rehabilitative Services, Inc., by and through their undersigned attorneys, and jointly move and stipulate as follows:
1. The Florida Bar filed a petition against unauthorized practice of law, charging that the Respondents, Lois Helen Mills and American Crime Prevention Rehabilitative Services, Inc., are engaging in the unauthorized practice of law in the State of Florida.
2. On August 27, 1981, the Supreme Court of Florida issued a Rule to Show Cause and Order Appointing Referee in this cause and vacated its prior Rule to Show Cause and Order Appointing Referee issued on May 14, 1981.
3. The Florida Bar is willing to conclude this matter against the Respondents if the Referee recommends that the Supreme Court of Florida will agree to the settlement and stipulation set forth herein.
4. The procedural provisions of Article XVI of the Integration Rule of the Florida Bar are, for the purposes of this stipulation, hereby waived.
5. It is agreed that if the stipulation and motion contained herein are not approved and entered by the Supreme Court of Florida, then this joint motion and stipulation shall be void.
6. Respondents, at all times material herein, were not and are not members of the Florida Bar, and were not and are not therefore licensed to engage in the practice of law in the State of Florida.
Respondents further agree as follows:
(a) American Crime Prevention Rehabilitative Services, Inc., during the time Lois Helen Mills was its President, has given advice to prisoners on procedures to follow for appeals.
(b) American Crime Prevention Rehabilitative Services, Inc., during the time Lois Helen Mills was its President, has given advice to prisoners on case law affecting prisoners' rights and appellate process.
(c) American Crime Prevention Rehabilitative Services, Inc., during the time Lois Helen Mills was its President, has interpreted case law and statutes for prisoners.
(d) The April, 1980 American Crime Prevention Rehabilitative Services, Inc., publication (Volume VI) states, "If you have a legal problem, we can offer general advice and direction. We can contact criminal justice, penal and court officials on your behalf to request erroneous information in your file be corrected or suggest to you possible course of action but we cannot represent you in attorney fashion."
7. The aforementioned activities constitute the unauthorized practice of law.
8. The Respondent, Lois Helen Mills, shall read and abide by the decision of the Supreme Court of Florida in The Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla. 1978).
9. The Respondents, Lois Helen Mills and American Crime Prevention Rehabilitative Services, Inc., agree to the entry of an injunction permanently enjoining them from engaging in the acts set forth herein and from otherwise engaging in the practice of law in the State of Florida.
10. The Florida Bar withdraws its request that the Respondents be found in indirect criminal contempt of this Court.
11. That the Respondents, and each of them, jointly and severally, agree to pay the sum of $100.00 to the Petitioner as costs of this proceeding.
We hereby adopt this joint motion and stipulation.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.