655 So.2d 1131 (1995)
The FLORIDA BAR, Complainant,
v.
Craig D. WARREN, etc., Respondent.
No. 84621.
Supreme Court of Florida.
June 15, 1995.
*1132 William F. Blews, President, St. Petersburg, John A. DeVault, III, President-elect, Jacksonville, John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, Martin J. Sperry, Chair, Standing Committee on Unlicensed Practice of Law and Lori S. Holcomb, Asst. Unlicensed Practice of Law Counsel, Tallahassee, for complainant.
No Appearance for respondent.
PER CURIAM.
This cause is before the Court on The Florida Bar's petition to enjoin respondent Craig D. Warren, individually and d/b/a Craig D. Warren and Associates, P.A., from the unlicensed practice of law. We have jurisdiction under article V, section 15 of the Florida Constitution.
The Florida Bar filed a petition alleging that the respondent, a person unlicensed to practice law, engaged in various acts of practicing law. The petition alleged numerous instances in which respondent purported to represent various persons in litigation, collected fees from such persons under the guise of being a lawyer, and failed to perform the promised services. This Court issued an order to show cause why the respondent should not be enjoined from the unlicensed practice of law and directed respondent to file a written answer within twenty days of service of the order. The order to show cause was served upon the respondent on December 7, 1994. Respondent has not yet filed an answer to the order to show cause. The Florida Bar has now filed a motion to decide the case upon its merits.
Rule 10-7.1(b)(4) of the Rules Regulating The Florida Bar provides that if no response or defense to the petition which charges the unauthorized practice of law is filed, the allegations of the petition shall be taken as true. Therefore, this Court now determines that the respondent has engaged in the unlicensed practice of law, and as a consequence the respondent is enjoined from the following:
A. Either impliedly or expressly, personally or by use of advertisement, holding himself out as a lawyer and authorized to practice law in Florida and describing himself as a lawyer, attorney, attorney at law, esquire, counselor, counsel, or any other title that is designed to lead a member of the public into believing that respondent is licensed to practice law in Florida and able to render assistance with legal matters;
B. Establishing a professional service corporation and/or operating a business as a P.A. unless respondent holds the necessary license as required by section 621.03, Florida Statutes;
C. Advising persons of their rights, duties, and responsibilities under Florida or federal law and construing and interpreting the legal effect of Florida law and statutes for third parties;
D. Giving legal advice and counsel to others;
E. Soliciting or accepting attorney's fees;
F. Giving advice and making decisions on behalf of others that require legal skill and a knowledge of the law greater than that possessed by the average citizen;
G. Advising and/or explaining legal remedies and possible courses of action to individuals that affect their procedural and substantive legal rights, duties, and privileges;
H. Giving legal advice in connection with dissolution of marriage, alimony and modifications thereof, child support and modification thereof, bankruptcy, and any other legal proceeding or procedure;
*1133 I. Appearing in any Florida court or offering to appear in any Florida court, either expressly or impliedly, as a spokesperson or representative for litigants in any court proceeding;
J. Corresponding with parties or the attorneys of parties as the representative of a client relative to legal matters;
K. Making inquiries and answering questions as to the particular forms that might be necessary, how best to fill out such forms, and how to present necessary evidence at any court proceeding;
L. Preparing pleadings and any other legal documents for third parties;
M. Allowing members of the public to rely on respondent to properly prepare legal forms or legal documents affecting an individual's legal rights;
N. Having direct contact in the nature of consultation, explanation, recommendations, advice, and assistance in the provision, selection, and completion of legal forms;
O. Counseling persons as to the advisability of their filing for protection under the United States bankruptcy laws; and
P. Otherwise engaging in the practice of law in the State of Florida until such time as respondent is duly licensed to practice law in this state.
In the event respondent engages in any of the conduct enjoined herein, he will be found in indirect contempt of the Supreme Court of Florida for the unauthorized practice of law in this state.
In addition, respondent is directed to show cause why he should not be ordered to pay restitution to those individuals who paid for his purported legal services, as alleged in the Bar's petition and the affidavit of Bar counsel, Lori S. Holcomb, more recently filed herein. A copy of this injunction and order to show cause shall be served upon respondent. Respondent shall file with the Court a written answer directed to the order to show cause pertaining to restitution within twenty (20) days of the service of said order upon him. Respondent shall serve a copy of his answer on Lori S. Holcomb, Assistant UPL Counsel, The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida XXXXX-XXXX. The affidavit of Lori S. Holcomb, which contained the names of additional persons for whom restitution is sought which were not included in the original petition, was not served upon respondent. Therefore, a copy of said affidavit shall be served upon respondent at the same time so that he will be given notice of the additional claims for restitution.
Judgment is hereby entered in favor of The Florida Bar and against respondent Craig D. Warren for the costs of this proceeding in the amount of $265.53, for which execution shall issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.