HARDING, Justice.
Pursuant to rule 10-7.1(b) of the Rules Regulating The Florida Bar, Jone B. Weist, a licensed Community Association Manager (“CAM”), petitioned The Florida Bar Standing Committee on the Unlicensed Practice of Law (“the Standing Committee”) for an advisory opinion on whether several aspects of community association management constitute the unlicensed practice of law. We have jurisdiction to review the proposed advisory opinion pursuant to rule 10-7.1(g) of the Rules Regulating the Florida Bar and article V, section 15 of the Florida Constitution.
Specifically, the Standing Committee was asked to decide whether it constitutes the unlicensed practice of law for a CAM to engage in any of the following activities:
1.To complete any of the following pre-printed forms without direction from the client as to which form to use or what information goes on the form:
A. Secretary of State form CR2E045 (Statement of Change of Registered Office or Registered Agent or Both for Corporations);
B. Secretary of State Annual Corporation Report;
C. Department of Business and Professional Regulation Form BPR 33-032 (Frequently Asked Questions and Answers Sheet);
2. To draft any of the following documents for clients:
A. Certificate of Assessments;
B. Claim of Lien;
C. Satisfaction of Claim of Lien;
D. First Notice of Date of Election;
E. Second Notice of Date of Election;
F. Ballot;
G. Written Notice of Annual Meeting;
H. Annual Meeting Agenda
I. Modification of Department of Business and Professional Regulation Form BPR 33-033 (Limited Proxy Form) for a specific community association and a specific meeting (including modifying the form with the name of the association; the date, time, and place of the meeting; phrasing yes or no questions on the issues of waiving reserves, waiving the compiled, reviewed or audited financial statement requirement, carryover of excess membership expenses, and adoption of amendments to the Articles of Incorporation, Bylaws or condominium cooperative documents);
J. Limited Proxy Form;
K. Affidavit of Mailing;
L. Notice of Board Meeting;
M. Board Meeting Agenda;
N. Notice of Commencement form;
O. Documents required to exercise the association’s right of approval and/or right of first refusal on the sale or lease of a parcel;
3. To determine the timing, method, and form of giving notices of meetings to unit owners and board members, which generally requires interpretation and application of the requirements of statutes, administrative rules, the community association’s governing documents, and rule 1.090(a) and (e) of the Florida Rules of Civil Procedure;
4. To determine the votes required for the community association to take certain actions whenever interpretation and application of any or all of the following is required: the Florida Business Corpora *1122 tion Act, Florida Not For Profit Corporation Act, Condominium Act, and the community association’s governing documents; or
5. To reply to the association’s question about the application of law to a matter being considered, and to advise an association that an action or course of action may not be authorized by statute, administrative rule, or the association’s governing documents.
The Standing Committee gave notice of the June 28,1995 hearing in accordance with rule 10-9.1(f) of The Rules Regulating the Florida Bar. Several individuals spoke at the hearing, and written testimony was also received. At a special meeting on November 3, 1995, the Standing Committee voted to issue the proposed opinion.
CAMs are licensed through the Department of Business and Professional Regulation’s (“BPR”) Bureau of Condominiums. Community association management is defined in section 468.431(2), Florida Statutes (1995):
“Community association management” means any of the following practices requiring substantial specialized knowledge, judgment, and managerial skill when done for remuneration and when the association or associations served contain more than 50 units or have an annual budget or budgets in excess of $100,000: controlling or disbursing funds of a community association, preparing budgets or other financial documents for a community association, assisting in the noticing or conduct of community association meetings, and coordinating maintenance for the residential development and other day-to-day services involved with the operation of a community association. A person who performs clerical or ministerial functions under the direct supervision and control of a licensed manager or who is charged only with performing the maintenance of a community association and who does not assist in any of the management services described in this subsection is not required to be licensed under this part.
§ 468.431, Fla. Stat. (1995). CAMs are also governed by the Florida Administrative Code’s Standards of Professional Conduct. In order to be licensed, CAMs must have a general knowledge of condominium law and fulfill continuing education requirements.
The Standing Committee voted on several matters that it felt were purely ministerial in nature, and therefore did not constitute the unauthorized practice of law. There was no testimony in opposition, so the proposed advisory opinion reflects that these items do not constitute the unauthorized practice of law: completing Secretary of State form CR2E045 and Secretary of State Annual Corporation Report; and drafting certificates of assessments, first notices of date of election, second notices of date of election, ballots, written notices of annual meeting, annual meeting agendas, affidavits of mailing, notices of board meetings, and board meeting agendas.
After reviewing the oral and written testimony presented, the Standing Committee proposed answers to the remaining questions. It found that the following do constitute the unauthorized practice of law: completing BPR Form 33-032; drafting a Claim of Lien, Satisfaction of Claim of Lien, and Notice of Commencement form; determining the timing, method, and form of giving notice of meetings; determining the votes necessary for certain actions which would entail interpretation of certain statutes and rules; and answering a community association’s question about the application of law to a matter being considered or advising a community association that an action or course of action may not be authorized by law or rule.
The Standing Committee found that the following may or may not constitute the unauthorized practice of law, depending on the specific factual circumstances: modification of Form BPR 33-033, drafting a limited proxy form, and drafting documents required to exercise the community association’s right of approval or right of first refusal on the sale or lease of a parcel.
Several parties filed objections to all or part of the proposed advisory opinion, and one party (a law firm) filed an amicus brief in support of the proposed opinion. The peti *1123 tioner filed a motion for clarification of the proposed opinion, along with her objections.
After reviewing the written and oral, testimony, the proposed advisory opinion, and the comments filed with the Court, we adopt the findings of the proposed advisory opinion as explained below.
Although there is no comprehensive definition of what constitutes the unlicensed practice of law, we are guided in our analysis by our words from State ex rel. Florida Bar v. Sperry:
It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court.
State ex rel. Florida Bar v. Sperry, 140 So.2d 587, 591 (Fla.1962), vacated on other grounds, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).
We agree that those actions designated by the Standing Committee as ministerial do not constitute the practice of law. CAMs can complete the two Secretary of State forms—form CR2E045 (change of registered agent or office for corporations) and Annual Corporation Report—because completion of those two forms does not require significant legal expertise and interpretation. Similarly, drafting certificates of assessments, first and second notices of date of election, ballots, written notices of annual meeting, annual meeting or board meeting agendas, and affidavits of mailing do not require legal sophistication or training.
We also agree that those items so designated by the Standing Committee do constitute the unlicensed practice of law. Completion of BPR Form 33-032 (Frequently Asked Questions and Answers Sheet) requires the interpretation of community association documents. The decision to purchase a unit is often based largely on the information on this sheet. Because this form could significantly affect an individual’s legal rights, misleading or incorrect information could harm the purchaser. Therefore, initial completion of this form requires the assistance of a licensed attorney. However, subsequent updates which do not modify the form can be completed without the assistance of an attorney.
Drafting both a claim of lien and satisfaction of claim of lien requires a legal description of the property; it establishes rights of the community association with respect to the lien, its duration, renewal information, and action to be taken on it. The claim of lien acts as an encumbrance on the property until it is satisfied. Because of the substantial rights which are determined by these documents, the drafting of them must be completed with the assistance of a licensed attorney. For the same reason, we agree with the Standing Committee that the drafting of a notice of commencement form constitutes the practice of law. This notice affects legal rights as well. See, e.g., § 713.135, Fla. Stat. (1995). Failure to complete or prepare this form accurately could result in serious legal and financial harm to the property owner. •
Determining the timing, method, and form of giving notices of meetings requires the interpretation of statutes, administrative rules, governing documents, and rule 1.090(a) and (e), Florida Rules of Civil Procedure. Such interpretation constitutes the practice of law. See, e.g., Florida Bar v. Warren, 655 So.2d 1131 (Fla.1995). Determining the votes necessary to take certain actions—where the determination would require the interpretation and application both of condominium acts and of the community association’s governing documents—would therefore also constitute the practice of law. Id.
It also clearly constitutes the practice of law for a CAM to respond to a community association’s questions concerning the application of law to specific matters being considered, or to advise community associations that a course of action may not be authorized by law or rule. This amounts to nonlawyers *1124 giving legal advice and answering specific legal questions; this Court has specifically prohibited this behavior. In re The Florida Bar, 215 So.2d 613 (Fla.1968); Sperry, 140 So.2d at 591.
The remaining activities exist in a more grey area; the specific circumstances surrounding their exercise determine whether or not they constitute the practice of law. A CAM may modify BPR Form 33-033 (Limited Proxy Form) to the extent such modification involves ministerial matters contemplated by the description in section 468.431(2). This includes modifying the form to include the name of the community association; phrasing a yes or no voting question concerning either waiving reserves or waiving the compiled, reviewed, or audited financial statement requirement; phrasing a yes or no voting question concerning carryover of excess membership expenses; and phrasing a yes or no voting question concerning the adoption of amendments to the Articles of Incorporation, Bylaws, or condominium documents. As to more complicated modifications, however, an attorney must be consulted.
As to drafting a limited proxy form, those items which are ministerial in ñatee, such as filling in the name and address of the owner, do not constitute the practice of law. However, if drafting of an actual limited proxy form or questions in addition to those on the preprinted form is required, the CAM should consult with an attorney.
Drafting the documents required to exercise a community association’s right of approval or first refusal to a sale or lease may also require the assistance of an attorney, since there could be legal consequences to the decision. Although CAMs may be able to draft the documents, they cannot advise the association as to the legal consequences of taking a certain course of action.
We recognize that CAMs are specially trained in the field of community association management, but we agree with the Standing Committee that there are several areas in that field which would require the assistance of an attorney. We therefore approve the findings of the Standing Committee’s proposed opinion, as discussed above.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., recused.