# Supreme Court of Florida

_____

No. SC13-889

_____

## THE FLORIDA BAR RE: ADVISORY OPINION—ACTIVITIES OF COMMUNITY ASSOCIATION MANAGERS.

[May 14, 2015]

PER CURIAM.

Pursuant to Rule Regulating the Florida Bar 10-9.1, The Florida Bar Real Property, Probate, and Trust Law Section petitioned the Standing Committee on Unlicensed Practice of Law (Standing Committee) for an advisory opinion regarding certain activities when performed by non-lawyer community association managers. Petitioner asked the Standing Committee to examine a 1996 advisory opinion from this Court, Florida Bar re Advisory Opinion–Activities of Community Association Managers, 681 So. 2d 1119 (Fla. 1996), and advise whether the activities in the opinion that were found to be the unlicensed practice of law continue to constitute the unlicensed practice of law. Further, Petitioner asked whether fourteen additional activities, when performed by non-lawyer community association managers, constitute the unlicensed practice of law. As

required under rule 10-9.1(f), the Standing Committee provided notice of and held a public hearing to address these issues where it considered written and live testimony. The Standing Committee subsequently filed a proposed advisory opinion in this Court. We have jurisdiction to review the proposed advisory opinion pursuant to rule 10-9.1(g) of the Rules Regulating the Florida Bar and article V, section 15, of the Florida Constitution.

After the proposed advisory opinion was filed, interested parties were permitted to file briefs in support of or in opposition to the proposed advisory opinion. After considering the proposed opinion and the briefs of the interested parties, the Court approves the proposed advisory opinion as set forth in the appendix to this opinion.[1]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – The Florida Bar

---

1. As provided in Rule Regulating the Florida Bar 10-9.1(g)(4), the advisory opinion shall have the force and effect of an order of this Court and shall be published accordingly.

C.C. Abbott, Chair, Standing Committee on the Unlicensed Practice of Law, Tallahassee, Florida; Nancy Munjiovi Blount, Past Chair, Standing Committee on the Unlicensed Practice of Law, Tallahassee, Florida; John F. Harkness, Jr., Executive Director, Lori S. Holcomb, Director, Client Protection, and Jeffrey Todd Picker, The Florida Bar, Tallahassee, Florida,

On behalf of the Standing Committee on the Unlicensed Practice of Law

Michael Allen Dribin, Chair, Real Property, Probate and Trust Law Section of The Florida Bar, Harper Meyer Perez Hagan O'Connor Albert & Dribin, LLP, Miami, Florida; Margaret Ann Rolando, Past Chair, Real Property, Probate and Trust Law Section of The Florida Bar, Shutts & Bowen, LLP, Miami, Florida; William F. Belcher, Saint Petersburg, Florida, on behalf of the Real Property, Probate and Trust Law Section of The Florida Bar; Jennifer Ann Winegardner of The Chase Law Firm, Tallahassee, Florida, on behalf of the Continental Group, Inc., Associations, Inc., and CEOMC Florida, Inc.; Mauri Ellis Peyton, II and Gian C. Ratnapala of PeytonBolin, PL, Fort Lauderdale, Florida, on behalf of Community Associations Institute; David Mark Felice, Tampa, Florida, on behalf of Terra Management Services, Inc.; Jeffrey Michael Oshinsky, Miami, Florida, on behalf of Association Financial Services, L.C.; Mark R. Benson, Community Association Manager, Fort Myers, Florida; and Steve Caballero, Community Association Manager, Fort Lauderdale, Florida, on behalf of Exclusive Property Management,

Responding

3

APPENDIX

THE FLORIDA BAR
STANDING COMMITTEE ON THE
UNLICENSED PRACTICE OF LAW


FAO #2012-2, ACTIVITIES OF COMMUNITY ASSOCIATION MANAGERS
_____/


PROPOSED ADVISORY OPINION



May 15, 2013

# INTRODUCTION

Pursuant to rule 10-9 of the Rules Regulating The Florida Bar, The Florida Bar's Real Property, Probate & Trust Law Section petitioned the Standing Committee on Unlicensed Practice of Law ("the Standing Committee") for an advisory opinion on the activities of community association managers ("CAMS").[2]

The petitioner sought confirmation that the activities found to be the unlicensed practice of law in the 1996 opinion (Florida Bar re: Advisory Opinion– Activities of Community Association Managers, 681 So. 2d 1119 (Fla. 1996)) continue to be the unlicensed practice of law. Those activities (hereinafter 1996 opinion) include the following:

A.    drafting of a claim of lien and satisfaction of claim of lien;

B.    preparing a notice of commencement;

C.    determining the timing, method, and form of giving notices of meetings;

D.    determining the votes necessary for certain actions by community associations;

E.    addressing questions asking for the application of a statute or rule; and

F.    advising community associations whether a course of action is

---

2. Although the request for opinion addresses CAMS specifically, the Standing Committee's opinion would apply to the activities of any nonlawyer.

authorized by statute or rule.

The petitioner also asked if it was the unlicensed practice of law for a CAM to engage in any of the following activities (hereinafter "2012 request"):

1. Preparation of a Certificate of assessments due once the delinquent account is turned over to the association's lawyer;

2. Preparation of a Certificate of assessments due once a foreclosure against the unit has commenced;

3. Preparation of Certificate of assessments due once a member disputes in writing to the association the amount alleged as owed;

4. Drafting of amendments (and certificates of amendment that are recorded in the official records) to declaration of covenants, bylaws, and articles of incorporation when such documents are to be voted upon by the members;

5. Determination of number of days to be provided for statutory notice;

6. Modification of limited proxy forms promulgated by the State;

7. Preparation of documents concerning the right of the association to approve new prospective owners;

8. Determination of affirmative votes needed to pass a proposition or amendment to recorded documents;

9. Determination of owners' votes needed to establish a quorum;

10. Drafting of pre-arbitration demand letters required by 718.1255, Fla. Stat.;

11. Preparation of construction lien documents (e.g. notice of commencement, and lien waivers, etc.);

12. Preparation, review, drafting and/or substantial involvement in the preparation/execution of contracts, including construction contracts, management contracts, cable television contracts, etc.;

13. Identifying, through review of title instruments, the owners to receive pre-lien letters; and

14. Any activity that requires statutory or case law analysis to reach a legal conclusion.

Pursuant to Rule 10-9.1(f) of the Rules Regulating The Florida Bar, public notice of the hearing was provided on The Florida Bar's website, in The Florida Bar News, and in the Orlando Sentinel. The Standing Committee held a public hearing on June 22, 2012.

Testifying on behalf of the petitioner was Steve Mezer, an attorney who is the chairman of the Condominium and Planning Development Committee of the Real Property Probate and Trust Law Section of The Florida Bar, and attorney Scott Peterson. In addition to the petitioner, the Standing Committee received testimony from Mitchell Drimmer, a CAM; Jeffrey M. Oshinsky, General Counsel

7

of Association Financial Services, a licensed collection agency; Andrew Fortin, Vice-President of Government Relations for Associa, a community management company; Kelley Moran, Vice-President of Rampart Properties and a CAM; Robert Freedman, an attorney; Erica White, prosecuting attorney for the Regulatory Council of Community Association Managers located within the Department of Business and Professional Regulation; Jane Cornett, an attorney; Tony Kalliche, Executive Vice-President and general counsel for the Continental Group, a community association management firm; David Felice, an attorney, a CAM, and owner of a community association management firm; Christopher Davies, an attorney; Brad van Rooyen, Executive Director of the Chief Executive Offices of Management Companies; Victoria Laney; Alan Garfinkel, an attorney; and Michael Gelfand, an attorney. There were also several individuals present to observe the hearing.

In addition to the testimony presented at the hearing, the Standing Committee received written testimony which has been filed with this Court. Included in the written testimony was a form petition that was submitted by hundreds of homeowner and condominium associations. As the petitions are substantially the same, only one has been filed with the Court as part of the written testimony. By and large the testimony reflects the belief that the previous guidance provided by the Court in its 1996 opinion provides adequate guidance in

this area and another opinion is not necessary. The testimony also reflected their concerns that too much regulation in this area will raise the cost of living in these communities and could potentially have a serious financial impact on community associations, property owners, and CAMS.

## Background

CAMS are licensed through the Department of Business and Professional Regulation, Division of Professions, pursuant to Sections 468.431 – 468.438, Florida Statutes, and Florida Administrative Code chapters 61E14 and 61-20. (Written testimony of Dr. Anthony Spivey.) State law defines community association management as including the following activities: "controlling or disbursing funds of a community association, preparing budgets or other financial documents for a community association, assisting in the noticing or conduct of community association meetings, and coordinating maintenance for the residential development and other day-to-day services involved with the operation of a community association." Section 468.431(2), Florida Statutes (2012). There are over 18,500 individuals and over 1600 businesses licensed as CAMS in Florida. (Written testimony of J. Layne Smith.)

### 1996 Opinion

When the Court considered the activities of CAMS in 1996, it relied on

9

Sperry[3] to determine what activity constitutes the practice of law:

> [I]n determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of [the] advice and performance of [the] services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law.

Applying the test, the Court held that:

> [T]he practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court.[4]

The Standing Committee and Court found that those activities that required the interpretation of statutes, administrative rules, community association governing documents or rules of civil procedure constituted the practice of law.[5] Drafting documents, even if form documents, which require a legal description of the property or which determine or establish legal rights are also the practice of

---

3. The Florida Bar v. Sperry, 140 So. 2d 587, 591 (Fla. 1962), vacated on other grounds, 373 U.S. 379 (1963).

4. Id.

5. 1996 opinion, 681 So. 2d at 1123.

10

law.[6]  As the opinion noted, failure to complete or prepare these forms accurately could result in serious legal and financial harm to the property owner.[7]  Thus, the Court found the following activities when performed by a CAM would constitute the unlicensed practice of law:

- completing BPR Form 33-032 (frequently asked questions and answers sheet);

- drafting a claim of lien, satisfaction of claim of lien, and notice of commencement form;

- determining the timing, method and form of giving notice of meetings;

- determining the votes necessary for certain actions which would entail interpretation of certain statutes and rules; and

- answering a community association's question about the application of law to a matter being considered or advising a community association that a course of action may not be authorized by law, rule, or the association's governing documents.

The Standing Committee and Court found that those activities that were

---

6. Id. at 1123.

7. Id.

11

ministerial in nature and did not require significant legal expertise and interpretation or legal sophistication or training did not constitute the practice of law.[8] The Court found that the following activities when performed by a CAM would not constitute the unlicensed practice of law:

- completion of two Secretary of State forms (change of registered agent or office for corporations, and annual corporation report),

- drafting certificates of assessments,

- drafting first and second notices of date of election,

- drafting ballots,

- drafting written notices of annual or board meetings,

- drafting annual meeting or board meeting agendas, and

- drafting affidavits of mailing.

The Standing Committee and Court found that other activities existed in a more grey area and whether or not they constituted the unlicensed practice of law would depend on the specific factual circumstances.[9] The Court found the following activities to be dependent on the specific circumstances:

- modification of limited proxy forms promulgated by the state

8. Id.

9. Id. at 1122.

12

- drafting a limited proxy form, and

- drafting documents required to exercise the community association's right of approval or right of first refusal on the sale or lease of a parcel

The Court found that modification of limited proxy forms promulgated by the State that involved ministerial matters could be performed by a CAM.[10] The Court found the following modifications to be ministerial matters:

- modifying the form to include the name of the community association;

- phrasing a yes or no voting question concerning either waiving reserves or waiving the compiled, reviewed, or audited financial statement requirement;

- phrasing a yes or no voting question concerning carryover of excess membership expenses; and

- phrasing a yes or no voting question concerning the adoption of amendments to the Articles of Incorporation, Bylaws, or condominium documents.[11]

For more complicated modifications, the Court found that an attorney must be consulted.

---

10. Id. at 1124.

11. Id.

Regarding the drafting of a limited proxy form, the Court found that those items which were ministerial in nature, such as filling in the name and address of the owner, do not constitute the practice of law. But if drafting of an actual limited proxy form or questions in addition to those on the preprinted form is required, the CAM should consult with an attorney.[12]

The Court also found that the drafting of documents required to exercise a community association's right of approval or first refusal to a sale or lease may require the assistance of an attorney, since there could be legal consequences to the decision.[13] Although CAMS may be able to draft the documents, they cannot advise the association as to the legal consequences of taking a certain course of action.[14]

It is the opinion of the Standing Committee that no changes are needed to the 1996 opinion and those activities found to be the unlicensed practice of law continue to be the unlicensed practice of law and those activities that did not constitute the unlicensed practice of law are still not the unlicensed practice of law. However, the Standing Committee felt that in order to provide further guidance to CAMS and members of The Florida Bar, some of the 1996 activities which are part

---

12. Id.

13. Id.

14. Id.

of the current request needed clarification. The Standing Committee also felt that

activities that were not addressed in 1996 should be addressed using the 1996

opinion as guidance.

**2012 Request**

Petitioner's request sets forth 14 activities. Each activity will be addressed.

**1. Preparation of a Certificate of assessments due once the delinquent account is turned over to the association's lawyer;**
**2. Preparation of a Certificate of assessments due once a foreclosure against the unit has commenced;**
**3. Preparation of Certificate of assessments due once a member disputes in writing to the association the amount alleged as owed;**

In the 1996 opinion the Court found that the preparation of certificates of

assessments were ministerial in nature and did not require legal sophistication or

training. Therefore, it was not the unlicensed practice of law for a CAM to prepare

certificates of assessments.

None of the oral or written testimony provided a compelling reason why

these certificates of assessment would warrant different treatment from those

previously addressed by the Court in the 1996 opinion. Thus, it is the opinion of

the Standing Committee that a CAM's preparation of these documents would not

constitute the unlicensed practice of law.

**4. Drafting of amendments (and certificates of amendment that are recorded in the official records) to declaration of covenants, bylaws, and articles of incorporation when such documents are to be voted upon by the members;**

In the 1996 opinion, the Court held that the drafting of documents which

15

determine substantial rights is the practice of law. The governing documents set forth above determine substantial rights of both the community association and property owners. Consequently, under the 1996 opinion, the preparation of these documents constitutes the unlicensed practice of law.

Further, in Florida Bar v. Town, 174 So. 2d 395 (Fla. 1965), the Court held that a nonlawyer may not prepare bylaws, articles of incorporation, and other documents necessary to the establishment of a corporation, or amendments to such documents. Amendments to a community association's declaration of covenants, bylaws, and articles of incorporation can be analogized to the corporate documents discussed in Town. Therefore, it is the opinion of the Standing Committee that the Court's holding in the 1996 opinion should stand and nonlawyer preparation of the amendments to the documents would constitute the unlicensed practice of law.

**5. Determination of number of days to be provided for statutory notice;**

In the 1996 opinion, the Court found that determining the timing, method, and form of giving notices of meetings requires the interpretation of statutes, administrative rules, governing documents, and rules of civil procedure and that such interpretation constitutes the practice of law. Thus, if the determination of the number of days to be provided for statutory notice requires the interpretation of statutes, administrative rules, governing documents or rules of civil procedure, then, as found by the Court in 1996, it is the opinion of the Standing Committee

16

that it would constitute the unlicensed practice of law for a CAM to engage in this activity. If this determination does not require such interpretation, then it would not be the unlicensed practice of law.

**6. Modification of limited proxy forms promulgated by the State;**

In the 1996 opinion, the Court found that the modification of limited proxy forms that involved ministerial matters could be performed by a CAM, while more complicated modifications would have to be made by an attorney.[15] The Court found the following to be ministerial matters:

- modifying the form to include the name of the community association;

- phrasing a yes or no voting question concerning either waiving reserves or waiving the compiled, reviewed, or audited financial statement requirement;

- phrasing a yes or no voting question concerning carryover of excess membership expenses; and

- phrasing a yes or no voting question concerning the adoption of amendments to the Articles of Incorporation, Bylaws, or condominium documents.[16]

For more complicated modifications, the Court found that an attorney must

15. Id.

16. Id.

17

be consulted. The 1996 opinion did not provide any examples of more complicated modifications which would require consultation with an attorney. The Standing Committee believes this activity requires further clarification by example.

Using the examples given by the Court, the types of questions that can be modified without constituting the unlicensed practice of law do not require any discretion in the phrasing. For example, the sample form provided by the state has the following question: "Do you want to provide for less than full funding of reserves than is required by § 718.112(2)(f), Florida Statutes, for the next fiscal/calendar year? _____ YES _____ NO." There is no discretion regarding the wording, it is a yes or no question. The question could be reworded as follows: "Section 718.112(2)(f), Florida Statutes, discusses funding of reserves. Do you want to provide for less than full funding of reserves than is required by the statute for the next fiscal/calendar year? _____ YES _____ NO." It is still a yes or no question. As no discretion is involved, it does not constitute the unlicensed practice of law to modify the question.

On the other hand, if the question requires discretion in the phrasing or involves the interpretation of statute or legal documents, the CAM may not modify the form. After the above question regarding the reserves the form states "If yes, vote for one of the board proposed options below: (The option with the most votes will be the one implemented.) LIST OPTIONS HERE." Listing the options would

be a modification of the form. If what to include in the list requires discretion or an interpretation of statute, an attorney would have to be consulted regarding the language and the CAM could not make a change. For example, § 718.112(f) has language regarding when a developer may vote to waive the reserves. The statute discusses the timing of the waiver and under what circumstances it may occur. As a question regarding this waiver requires the interpretation of statute, a CAM could not modify the form by including this question without consulting with a member of The Florida Bar. As found in the 1996 opinion, making such a modification would constitute the unlicensed practice of law.

**7. Preparation of documents concerning the right of the association to approve new prospective owners;**

In the 1996 opinion, the Court found that drafting the documents required to exercise a community association's right of approval or first refusal to a sale or lease may or may not constitute the unlicensed practice of law depending on the specific factual circumstances. It may require the assistance of an attorney, since there could be legal consequences to the decision. Although CAMs may be able to draft the documents, they cannot advise the association as to the legal consequences of taking a certain course of action. Thus, the specific factual circumstances will determine whether it constitutes the unlicensed practice of law for a CAM to engage in this activity.

This finding can also be applied to the preparation of documents concerning

19

the right of the association to approve new prospective owners.  While there was no testimony giving examples of such documents, the Court's underlying principle that if the preparation requires the exercise of discretion or the interpretation of statutes or legal documents, a CAM may not prepare the documents.[17]  For example, the association documents may contain provisions regarding the right of first refusal.  Preparing a document regarding the approval of new owners may require an interpretation of this provision.  An attorney should be consulted to ensure that the language comports with the association documents.  On the other hand, the association documents may contain a provision regarding the size of pets an owner may have.  Drafting a document regarding this would be ministerial in nature as an interpretation of the documents is generally not required.

**8. Determination of affirmative votes needed to pass a proposition or amendment to recorded documents;**
**9. Determination of owners' votes needed to establish a quorum;**

In the 1996 opinion, the Court found that determining the votes necessary to take certain actions – where the determination would require the interpretation and application both of condominium acts and of the community association's governing documents – would constitute the practice of law.  Thus, if these determinations require the interpretation and application of statutes and the community association's governing documents, then it is the opinion of the

_____

17. Id. at 1123.

20

Standing Committee that it would constitute the unlicensed practice of law for a CAM to make these determinations. If these determinations do not require such interpretation and application, it is the opinion of the Standing Committee that they would not constitute the unlicensed practice of law.

**10. Drafting of pre-arbitration demand letters required by 718.1255, Fla. Stat.;**

Under Section 718.1255, Fla. Stat., prior to filing an action in court, a party to a dispute must participate in nonbinding arbitration. The nonbinding arbitration is before the Division of Florida Condominiums, Time Shares, and Mobile Homes (hereinafter "the Division"). Prior to filing the petition for arbitration with the Division, the petitioner is required to serve a pre-arbitration demand letter on the respondent, providing:

1.  advance written notice of the specific nature of the dispute,

2.  a demand for relief, and a reasonable opportunity to comply or to provide the relief, and

3.  notice of the intention to file an arbitration petition or other legal action in the absence of a resolution of the dispute.

Failure to include the allegations or proof of compliance with these prerequisites requires the dismissal of the petition without prejudice.

In the 1996 opinion, the Court found that if the preparation of a document requires the interpretation of statutes, administrative rules, governing documents,

21

and rules of civil procedure, then the preparation of the documents constitutes the practice of law.  It is the opinion of the Standing Committee that the preparation of a pre-arbitration demand letter would not require the interpretation of the above-referenced statute.  The statutory requirements appear to be ministerial in nature, and do not appear to require significant legal expertise and interpretation or legal sophistication or training.  Consequently, the preparation of this letter would not satisfy the second prong of the Sperry test, which requires that the person providing the service possess legal skill and a knowledge of the law greater than that possessed by the average citizen.  For these reasons, it is the opinion of the Standing Committee that the preparation of a pre-arbitration demand letter by a CAM would not constitute the unlicensed practice of law.

Moreover, an argument can be made that the activity, even if the practice of law, is authorized.  As noted in the Petitioner's March 28, 2012, letter, the Division has held that the statute does not require an attorney to draft the letter.  (Formal Advisory Opinion request.)  In Florida Bar v. Moses, 380 So. 2d 412 (Fla. 1980), the Court held that the legislature could oust the Supreme Court's authority to protect the public and authorize a nonlawyer to practice law before administrative agencies.  As the Division of Florida Condominiums, Time Shares, and Mobile Homes has held that a nonlawyer may prepare the letter, the activity is authorized and not the unlicensed practice of law.

**11. Preparation of construction lien documents (e.g. notice of commencement, and lien waivers, etc.);**

In the 1996 opinion, the Court found that the drafting of a notice of commencement form constitutes the practice of law because it requires a legal description of the property and this notice affects legal rights. Further, failure to complete or prepare this form accurately could result in serious legal and financial harm to the property owner.[18]

While the 1996 opinion did not specifically address the preparation of lien waivers, the 1996 opinion found that preparing documents that affect legal rights constitutes the practice of law. A lien waiver would certainly affect an association's legal rights. Further, as suggested by one of the witnesses, the area of construction lien law is a very complicated and technical area. (Tr., p. 40, l. 10-19.) Therefore, it is the Standing Committee's opinion that the preparation of construction lien documents by a CAM would constitute the unlicensed practice of law.[19]

**12. Preparation, review, drafting and/or substantial involvement in the preparation/execution of contracts, including construction contracts,**

---

18. Id. at 1123.

19. In re Advisory Opinion–Nonlawyer Preparation of Notice to Owner and Notice to Contractor, 544 So. 2d 1013 (Fla. 1989), the Court held that it was not the unlicensed practice of law for nonlawyers to complete notice to owner and preliminary notice to contractor forms under the mechanic's lien laws so those forms are not included in the current opinion.

23

**management contracts, cable television contracts, etc.;**

In the 1996 opinion, the Court found that the preparation of documents that established and affected the legal rights of the community association was the practice of law. Further, in Sperry, the Court found the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, was the practice of law. Thus, it is the Standing Committee's opinion that it constitutes the unlicensed practice of law for a CAM to prepare such contracts for the community association.

**13. Identifying, through review of title instruments, the owners to receive pre-lien letters;**

The testimony on this subject was mixed. Some witnesses felt that this activity was ministerial and would not be the unlicensed practice of law (written testimony of Jeffrey M. Oshinsky, Mark R. Benson, and R. L. Reimer), while others thought that this would constitute the unlicensed practice if performed by a CAM (written testimony of Nicholas F. Lang, Shawn G. Brown, and Emily L. Lang). However, none of the testimony defined what was meant by identifying the owners to receive pre-lien letters.

It is the opinion of the Standing Committee that if the CAM is only searching the public records to identify who has owned the property over the years, then such review of the public records is ministerial in nature and not the unlicensed practice of law. In other words, if the CAM is merely making a list of

24

all record owners, the conduct is not the unlicensed practice of law.

On the other hand, if the CAM uses the list and then makes the legal determination of who needs to receive a pre-lien letter, this would constitute the unlicensed practice of law. This determination goes beyond merely identifying owners. It requires a legal analysis of who must receive pre-lien letters. Making this determination would constitute the unlicensed practice of law.

**14. Any activity that requires statutory or case law analysis to reach a legal conclusion.**

In the 1996 opinion, the Court found that it constituted the unlicensed practice of law for a CAM to respond to a community association's questions concerning the application of law to specific matters being considered, or to advise community associations that a course of action may not be authorized by law or rule. The court found that this amounted to nonlawyers giving legal advice and answering specific legal questions, which the court specifically prohibited in In re: Joint Petition of The Florida Bar and Raymond James & Assoc., 215 So. 2d 613 (Fla. 1968) and Sperry.

Further, in Florida Bar v. Warren, 655 So. 2d 1131 (Fla. 1995), the Court held that it constitutes the unlicensed practice of law for a nonlawyer to advise persons of their rights, duties, and responsibilities under Florida or federal law and to construe and interpret the legal effect of Florida law and statutes for third parties. In Florida Bar v. Mills, 410 So. 2d 498 (Fla. 1982), the Court found that it

25

constitutes the unlicensed practice of law for a nonlawyer to interpret case law and statutes for others.

Thus, it is the Standing Committee's opinion that it would constitute the unlicensed practice of law for a CAM to engage in activity requiring statutory or case law analysis to reach a legal conclusion.

## CONCLUSION

The findings of the Court in <u>Florida Bar re: Advisory Opinion–Activities of Community Association Managers</u>, 681 So. 2d 1119 (Fla. 1996) should not be disturbed and answer many of the questions posed by the Petitioner. Areas which required clarification have been clarified by way of example using the <u>1996 opinion</u> as guidance. Similarly, activities that were not addressed in 1996 are addressed using the <u>1996 opinion</u> and other case law as guidance. This proposed advisory opinion is the Standing Committee on Unlicensed Practice of Law's interpretation of the law.

<div style="margin-left:50%">

Respectfully Submitted,
 /s/ Nancy Blount by Jeffrey T. Picker
Nancy Munjiovi Blount, Chair
Standing Committee on
Unlicensed Practice of Law
The Florida Bar
651 E. Jefferson Street
Tallahassee, FL 32399-2300
(850) 561-5840
Fla. Bar No. 332658
Primary Email: upl@flabar.org

</div>

/s/ Jeffrey T. Picker

Jeffrey T. Picker
Fla. Bar No. 12793


/s/ Lori S. Holcomb

Lori S. Holcomb
Fla. Bar No. 501018
The Florida Bar
651 East Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5840
Primary Email: jpicker@flabar.org
Secondary Email: upl@flabar.org